**Affirmed and Opinion filed January 15, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00250-CV

---

**THOMAS G. SCHURING AND ROSE M. SCHURING, Appellant**

**V.**

**FOSTERS MILL VILLAGE COMMUNITY ASSOCIATION, Appellee**

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2009-76232**

---

### O P I N I O N

Appellants, Thomas G. and Rose M. Schuring, appeal the denial of their motion to dissolve a permanent injunction that ordered them to comply with their home's deed restrictions. We affirm.

The Schurings allege that, after the trial court issued the injunction, they discovered complying with it would be unduly expensive, result in loss of their

home's insurance coverage, and thus cause a breach of their home's deed of trust. The Schurings contend that these "changed circumstances" required dissolving the injunction. Because the parties presented conflicting evidence of the hardships the injunction would cause, we hold that the trial court did not abuse its discretion by leaving the injunction in place.

## BACKGROUND

In November 2009, Fosters Mill Village Community Association petitioned for a permanent injunction ordering the Schurings to obtain the Association's approval before installing any new roofing on their house or garage. The Association alleged, among other things, that the Schurings planned to install a metal roof on their home and had begun to install one on their garage. The Association contended that the installations violated a covenant requiring the Association's approval prior to such changes. Following a bench trial on the merits, the trial court signed a final judgment that ordered the Schurings to "submit[ ] a revised Home Improvement Request to the [Association] regarding the roofing material" and, "upon receipt of written approval from the [Association], [to] commenc[e] and complete the installation of roofing material approved by [the Association]." Neither party appealed.

The Schurings then submitted a request to install a metal roof, and the Association denied their request. The Association informed the Schurings that "the minimum roof requirement for your village is a 30 year high definition shingle" (capitalization omitted). The Schurings never submitted another request.

According to the Association, the Schurings then began removing their home's roof and installing a metal one in violation of the injunction. The Schurings moved to dissolve the injunction, arguing that circumstances had changed. Specifically, the Schurings alleged that: (1) installing a non-metal roof

2

would require them to brace their home's rafters, which their engineer estimated would cost $13,000; (2) their home insurer had determined that "if the [Schurings] modifie[d] the roof with braces it w[ould] compromise the structure and prevent the Company from continuing coverage"; and (3) the terms of a deed of trust permitted forced sale of their home if it became uninsured.

The Association disputed the Schurings' factual claims, arguing that an engineer retained by the Association had suggested less cumbersome bracing options, as had the Schurings' engineer in a previous report. The Association also questioned the authenticity and timing of a fax from the Schurings' insurer that threatened to cancel their homeowners' coverage and argued that, in any event, the couple could likely find an alternative insurance provider if necessary.

The trial court denied the Schurings' motion to dissolve the injunction. Neither party requested findings on the motion, and the trial court made none. In a subsequent order on the Association's motion for contempt, however, the court explicitly found that the Schurings had both the "financial ability" and the "present ability" to comply. The Schurings appealed the denial of their motion to dissolve; they did not appeal the trial court's ruling on the contempt motion.

### ANALYSIS

The only issue for our review is whether the trial court erred in denying the Schurings' motion to dissolve the permanent injunction.

### I. Standard of review

Trial courts possess the inherent power to modify final injunctive orders to enforce a judgment or accommodate changed conditions. *Harris Cnty. Appraisal Dist. v. West*, 708 S.W.2d 893, 896 (Tex. App.—Houston [14th Dist.] 1986, orig. proceeding). This Court has jurisdiction to hear an appeal of a trial court's ruling on a motion to modify or dissolve a permanent injunction based upon allegations

3

of changed circumstances. *City of Tyler v. St. Louis Sw. Ry.*, 405 S.W.2d 330, 333 (Tex. 1966). We apply a two-step inquiry when reviewing the grant or denial of a such a motion. First, we must consider whether the evidence shows actual changed circumstances. *See City of San Antonio v. Singleton*, 858 S.W.2d 411, 412 (Tex. 1993). Absent changed circumstances, a trial court lacks the authority to modify a final, permanent injunction. *Id.* Second, if relevant circumstances have changed, we must determine whether the trial court abused its discretion in ruling upon the requested modification. *See Smith v. O'Neill*, 813 S.W.2d 501, 502–03 (Tex. 1991).[1] The party seeking modification has the burden of demonstrating that changed circumstances require modifying the injunction and that the trial court could reasonably have reached only one decision on that issue. *See Chase Manhattan Bank v. Bowles*, 52 S.W.3d 871, 879 (Tex. App.—Waco 2001, no pet.); *City of Seagoville v. Smith*, 695 S.W.2d 288, 289 (Tex. App.—Dallas 1985, no writ).

Assuming without deciding that the Schurings allegations establish "changed circumstances," we hold that the trial court did not abuse its discretion

---

[1] We know of no recent, published Texas case stating the standard of review for the denial of a motion to dissolve a permanent injunction, and the parties have cited none. *But cf. Hart v. Mills*, 38 Tex. 517, 519 (1873) ("[A] complete denial, under oath, of all the equities in a bill for an injunction does not entitle a party to a dissolution of an injunction as a matter of law, but it certainly does place the whole matter within the sound discretion of the court, to dissolve the injunction or not . . . ."). We note, however, that a permanent injunction is an equitable remedy. *Cooper v. Litton Loan Servicing, LP*, 325 S.W.3d 766, 769 (Tex. App.—Dallas 2010, pet. denied). Generally, "the expediency, necessity, or propriety of equitable relief is for the trial court, and its ruling is reviewed for an abuse of discretion." *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008) (internal quotation marks and footnote omitted).

Thus, an abuse of discretion standard applies to initial decisions on requests for temporary or permanent injunctions. *James v. Easton*, 368 S.W.3d 799, 805 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (temporary injunction); *Meehl v. Wise*, 285 S.W.3d 561, 565 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (permanent injunction). This review also applies to orders dissolving temporary injunctions based upon changed circumstances. *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.,* 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ). We therefore apply an abuse of discretion standard here.

4

by declining to modify its injunction.

The abuse of discretion standard of review means different things in different contexts. In general, we do not defer to the trial court on questions of law, and we defer to a trial court's factual findings if they are supported by evidence. *Perry Homes v. Cull*, 258 S.W.3d 580, 597–98 (Tex. 2008). The test is whether the court acted without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). Under this standard, the legal and factual sufficiency of the evidence are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion. *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no writ). "When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment." *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003).[2]

Modification of an injunction may be appropriate when changed circumstances render an injunction "unnecessary or improper." *Murphy v. McDaniel*, 20 S.W.3d 873, 878 (Tex. App.—Dallas 2000, no pet.). There is no argument that the injunction at issue here has become unnecessary, but the Schurings contend that newly revealed facts make enforcing the injunction improper. They argue that we must apply a "reasonableness of outcomes" test to determine whether changed circumstances require modifying the injunction.

We have said that "[w]hen the issue is whether changed circumstances warrant a modification of prior injunctive orders, a balancing of equities is not only appropriate but is also required." *State v. Associated Metals & Minerals Corp.*, 616 S.W.2d 305, 311 (Tex. App.—Houston [14th Dist.] 1981), *rev'd on other*

---

[2] The Schurings do not challenge the legal or factual sufficiency of the evidence to support the trial court's implied findings.

5

*grounds*, 635 S.W.2d 407 (Tex. 1982). To the extent the Schurings' proposed "reasonableness" test differs from this required rebalancing of equities, we decline to apply it. The process of rebalancing the equities necessarily incorporates the reasonableness of enforcing the original injunction.

In the area of real estate covenants, established equity-balancing principles dictate that "'[w]hen the disproportion between harm and benefit is the sole reason for [not enforcing a restriction on land use], the disproportion must be one of considerable magnitude.'" *Cowling v. Colligan*, 312 S.W.2d 943, 946 (Tex. 1958) (quoting Restatement (First) of Property § 563 cmt. c (1944)). Thus, to address the Schurings' arguments, we analyze whether the record supports the trial court's implied finding that complying with the injunction will not create disproportionate harm of a considerable magnitude for the Schurings. *See id.*

## II. The trial court did not abuse its discretion in denying the motion to dissolve the injunction.

The Schurings contend that the trial court abused its discretion because their compliance with the injunction will trigger a chain reaction culminating in (1) considerable expense to the Schurings to brace the roof so it will support composite shingles, (2) loss of their home insurance coverage, and (3) the forced sale of their home under the terms of a deed of trust.[3] The trial court was not required to accept the Schurings allegations, however, because other evidence in the record and presumptions support implied findings to the contrary.

First, the trial court could have found that installation of a non-metal roof would not, as the Schurings contend, prove unduly expensive. The record shows

---

[3] In their reply brief, the Schurings contend that water damage to their roof is also a changed circumstance warranting dissolution of the injunction. Because they failed to raise this argument in their initial motion to dissolve the injunction or in their appellant's brief, we do not consider it. *See Loftin v. Lee*, 341 S.W.3d 352, 356 n.11 (Tex. 2011).

that the trial court conducted multiple hearings addressing the feasibility of bracing and roofing materials. At one such hearing, both parties submitted engineering reports, but these reports and the reporter's records from the hearings do not appear in the appellate record.

Because the Schurings, as appellants, neither filed the reporter's records of these evidentiary hearings nor attempted to comply with the partial reporter's record provisions of Texas Rule of Appellate Procedure 34.6, we must presume the omitted materials support the trial court's judgment. *Sandoval v. Comm'n for Lawyer Discipline,* 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Thus, we must presume that the missing expert reports support the trial court's implied conclusion that the home could support a non-metal roof and that the expense of installing any bracing needed to support the roof did not considerably outweigh the benefits of enforcing the injunction.

Similarly, the trial court could have rejected the Schurings' assertion that installing a non-metal roof would lead to a loss of homeowner's insurance and breach of their deed of trust. The only evidence the Schurings presented of these potential hardships was (1) a fax from their current insurer stating that the installation of roof bracing would result in a loss of coverage, and (2) a copy of their deed of trust stating that insurance was required. The Schurings presented no evidence that installing bracing would render their home uninsurable through a different provider, especially if they installed the less cumbersome bracing that the record suggests was recommended by the Association's engineer. Nor did the Schurings present any evidence that their deed of trust required them to maintain their current insurance policy.

Given this evidence, even assuming that the current insurer would cancel coverage, the trial court could have concluded that the only harm likely to result

7

was the inconvenience of finding an alternative provider. The trial court did not abuse its discretion by concluding that this harm and the expense of installing a compliant roof were not so disproportionate to the benefit of enforcing the covenant as to require dissolving the injunction. *See Cowling*, 312 S.W.2d at 946.[4]

## CONCLUSION

We overrule the Schurings' sole point of error and affirm the trial court's judgment.

/s/ J. Brett Busby
    Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

[4] The Association requests that we award it $3,000 in appellate attorneys' fees. Because the order denying the motion to dissolve (which is the subject of this appeal) does not provide for appellate fees, we deny this request.