**Opinion issued January 12, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-21-00327-CV

———————————

**CREATIVE CHATEAU, LLC, Appellant**

**V.**

**THE CITY OF HOUSTON, Appellee**

---

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Case No. 2019-44108**

---

## MEMORANDUM OPINION

Appellant Creative Chateau, LLC (Creative Chateau) appeals the trial court's order granting summary judgment in favor of appellee, the City of Houston (the City) on its suit for injunctive relief to enforce deed restrictions. In four issues, Creative Chateau contends the trial court erred in (1) granting the City's motion for

summary judgment because Creative Chateau presented evidence raising a genuine issue of material fact on its affirmative defenses of abandonment and waiver, and the City failed to negate as a matter of law a single element of Creative Chateau's affirmative defenses, (2) sustaining the City's evidentiary objections and excluding Creative Chateau's summary judgment evidence while refusing to rule on Creative Chateau's evidentiary objections and admitting all of the City's summary judgment evidence, (3) entering a permanent injunction without evidence that Creative Chateau substantially violated the deed restrictions, and (4) denying Creative Chateau's motion for new trial based on newly discovered evidence and changed circumstances. We affirm.

## Background

### A.    Factual History

Westhaven Estates, Section Two is a subdivision located in Houston, Texas. The properties within the subdivision are subject to certain deed restrictions set forth in the Amended and Restated Restrictions for Westhaven Estates, Section Two (the deed restrictions). The deed restrictions, which became effective on January 1, 1994, renew automatically every ten years.

In June 2017, Patrick Stuckwish and his wife, Jessica Ruggles, formed Creative Chateau, a limited liability company, "to operate a venue for photoshoots and small, intimate gatherings." Stuckwish and Ruggles are the Managing Members

and Directors of the company. In February 2018, Creative Chateau purchased Tract 319 in Block Twelve of the Westhaven Estates, Section Two subdivision (the Property), commonly known as 6104 San Felipe Street, Houston, Texas 77057. After completing the purchase, Creative Chateau began operating its business at the Property.

The deed restrictions limit the use of the Property and all of the other lots in the Westhaven Estates, Section Two subdivision. Section 53.1 provides:

Permitted Uses. The following uses shall be the only uses permitted on the Lots:

a. Habitation by one Family per Dwelling;

b. Community Home; and

c. Home Occupation provided that:

1. No person other than a resident of the Dwelling shall be engaged or employed in the Home Occupation at the site;

2. There shall be no visible storage or display of occupational materials or products;

3. There shall be no exterior evidence of the conduct of a Home Occupation. A Home Occupation shall be conducted only within the Dwelling, garage or aide's quarters, and no Home Occupation shall be conducted outside of a structure;

. . . .

5. The conduct of any Home Occupation shall not increase the amount of traffic in the Subdivision and shall not reduce or render unusable the

3

areas which are provided for off-street parking as required by Chapter 26 of the Code of Ordinances. No additional parking shall be provided for the Home Occupation.

Section 53.2(a) expressly prohibits any property within Westhaven Estates, Section Two from being used for any purpose "not specifically permitted in Paragraph 53.1."

In 2018, the City received a citizen complaint alleging that the Property located at 6104 San Felipe was being used for a commercial purpose in violation of the deed restrictions. Upon investigation, the City discovered that Creative Chateau was operating a business at the Property.

On November 9, 2018, the City sent a letter to Creative Chateau, addressed to Stuckwish and Ruggles, and its registered agent stating that it had received a complaint that the Property was "being used for commercial purposes" in violation of the deed restrictions. The letter advised Stuckwish and Ruggles that they should ensure the Property "complies with all applicable deed restrictions by immediately ceasing all commercial activity" on the Property. The City further notified Stuckwish and Ruggles that failure to comply within fifteen days "may result in further legal action to enjoin the commercial use" of the Property. Stuckwish and counsel for the City subsequently exchanged emails regarding the deed restrictions and Creative Chateau's alleged violations but the matter remained unresolved. Creative Chateau continued its operations at the Property.

## B.    Procedural History

On June 27, 2019, the City sued Creative Chateau asserting a claim for injunctive relief based on Creative Chateau's alleged violations of the deed restrictions. The City sought a permanent injunction requiring Creative Chateau to comply with the deed restrictions' use provisions and to cease operation of the business on the Property as well as civil penalties as permitted by the Texas Local Government Code and the City's Code of Ordinances.

Creative Chateau answered and asserted a general denial and the affirmative defenses of waiver, estoppel, and laches. Creative Chateau further asserted that the deed restrictions had been abandoned and were unenforceable. Stuckwish, acting on behalf of Creative Chateau, signed, filed, and served the answer on the City's counsel.

The City moved for summary judgment on its claim for injunctive relief against Creative Chateau. It argued that the Property was subject to deed restrictions that limit the use of the premises, Creative Chateau was in violation of the applicable deed restrictions, and Creative Chateau had notice of its deed restriction violations. The City attached to its motion a copy of the Amended and Restated Restrictions for Westhaven Estates, Section Two, the affidavit of El Grecio Gregory, a City investigator, copies of magazine articles highlighting Creative Chateau's business,

5

pages from Creative Chateau's website, numerous photographs of the Property, and the notarized affidavits of several nearby residents.

Creative Chateau filed its summary judgment response, which was signed by Stuckwish, arguing that the deed restrictions had been previously abandoned, waived, and were unenforceable and objecting to the majority of the City's summary judgment evidence as inadmissible. Creative Chateau attached to its response Stuckwish's unsworn declaration, pages from the websites of other businesses purportedly operating in the subdivision, and photographs depicting other alleged violations of the deed restrictions. The parties thereafter filed replies and sur-replies. The City also objected to Creative Chateau's summary judgment evidence.

In its reply, the City argued that Creative Chateau had failed to proffer any evidence raising a genuine issue of material fact regarding its violations of the deed restrictions, its affirmative defenses of waiver and abandonment failed as a matter of law, and its objections to the City's summary judgment evidence were baseless. The City also objected to Creative Chateau's summary judgment evidence.

Creative Chateau asserted in its sur-reply in opposition to the City's summary judgment motion that the City's objections to Creative Chateau's summary judgment evidence were baseless and the City's reply to Creative Chateau's affirmative defenses were meritless and unsupported by the evidence. It urged the trial court to

sustain its objections to the City's summary judgment evidence, overrule the City's objections, and deny the City's summary judgment motion.

On April 19, 2021, the trial court granted the City's motion for summary judgment and entered a permanent injunction against Creative Chateau enjoining it from operating its business at the Property in violation of the deed restrictions.

Approximately one month after entry of the permanent injunction, Daniel W. Jackson and Daniel J. Gierut of the Jackson Law Firm filed a notice of appearance as counsel of record for Creative Chateau. That same day, Creative Chateau filed a request for ruling and entry of order on its objections to the City's summary judgment evidence.

Creative Chateau also moved for a new trial and to vacate the permanent injunction. It argued that (1) a majority of the Westhaven Estates, Section Two property owners had approved an amendment to the deed restrictions allowing Creative Chateau to operate its business within the subdivision, and the amendment constituted a changed circumstance that destroyed the purpose of the permanent injunction, (2) the newly discovered evidence necessitated a new trial, and (3) the City had failed to establish its entitlement to judgment as a matter of law. Creative Chateau requested that the trial court dissolve the permanent injunction, vacate its April 19, 2021 judgment, and grant a new trial.

The City responded to Creative Chateau's motion for new trial arguing that the documents proffered by Creative Chateau as constituting changed circumstances and/or newly discovered evidence failed to satisfy the requirements of either theory, and the purported amendment was invalid.

In its reply, Creative Chateau argued that (1) the number of property owners within the subdivision who had approved the amendment to the deed restrictions to allow Creative Chateau to operate its business exceeded the minimum number required, (2) the City's evidence offered in response to the motion for new trial was unavailing, (3) newly discovered evidence necessitated a new trial, and (4) Creative Chateau had fully complied with the injunction.

Following a hearing, the trial court entered an order denying Creative Chateau's motion for new trial and to vacate permanent injunction on June 3, 2021. This appeal followed.

**Summary Judgment Evidence**

In its first issue, Creative Chateau contends that the trial court erred in granting the City's motion for summary judgment because Creative Chateau presented summary judgment evidence raising a genuine issue of material fact on its affirmative defenses of abandonment and waiver, and the City failed to negate as a matter of law a single element of Creative Chateau's affirmative defenses. In its second issue, Creative Chateau argues that the trial court erred in sustaining the

City's evidentiary objections and excluding Creative Chateau's summary judgment evidence while refusing to rule on Creative Chateau's evidentiary objections and admitting all of the City's summary judgment evidence.

In response, the City argues that the trial court properly disregarded Creative Chateau's summary judgment evidence in support of its affirmative defenses because Creative Chateau was not represented by counsel until after the trial court entered its final judgment. The City argues that the trial court also properly denied all of Creative Chateau's objections after final judgment because they were untimely and were waived.

## A.    Standard of Review

In a traditional motion for summary judgment, the movant bears the burden to establish that no genuine issue of material fact exists and the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). The movant must negate at least one essential element of each of the plaintiff's causes of action or establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.

2003)). We review a trial court's order granting summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

**B.    Analysis**

Creative Chateau argues that the trial court erred in granting summary judgment because it presented evidence raising fact issues on its affirmative defenses of abandonment and waiver. The City asserts that the trial court properly disregarded Creative Chateau's evidence, as well as its objections to the City's evidence, because Creative Chateau was not represented by counsel until after final judgment.

Legal entities, such as corporations or limited liability companies, generally may appear in a district or county court only through a licensed attorney. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (per curiam); *Sherman v. Boston*, 486 S.W.3d 88, 95 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "A legal entity that attempts to thwart this rule does so at its peril." *Altech Controls Corp. v. Malone*, No. 14-17-00737-CV, 2019 WL 3562633, at *7 (Tex. App.—Houston [14th Dist.] Aug. 6, 2019, no pet.) (mem. op.) (citing *Sherman*, 486 S.W.3d at 95); *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 211 (Tex. App.—Houston [14th Dist.] 2011, no pet.). A non-attorney may perform certain ministerial acts for a limited liability company, such as depositing cash with a clerk in lieu of a cost bond. *See Kunstoplast*, 937 S.W.2d at 456. A company's response to a motion for summary

10

judgment, however, is not a ministerial act and must be made through an attorney. *See J & A Coating, LLC v. PPG Indus., Inc.*, No. 05-20-00382-CV, 2021 WL 972899, at \*2 (Tex. App.—Dallas Mar. 16, 2021, no pet.) (mem. op.) (citing *Computize, Inc. v. NHS Commc'ns Grp., Inc.*, 992 S.W.2d 608, 612 (Tex. App.—Texarkana 1999, no pet.)); *see also McClane v. New Caney Apartments*, 416 S.W.3d 115, 120–21 (Tex. App.—Beaumont 2013, no pet.) (noting presentation of claim at trial was not ministerial act and therefore corporation could not be represented in county court by its non-attorney property manager on its claim for forcible detainer). Allowing a non-attorney to present a company's claim would permit the unlicensed practice of law.[1] *Sherman*, 486 S.W.3d at 95. Evidence presented by a non-attorney on behalf of a business entity is substantively defective and is incompetent and cannot be considered under any circumstances. *J & A Coating, LLC*, 2021 WL 972899, at \*3 (citing *McLane*, 416 S.W.3d at 121; *Sherman*, 486 S.W.3d at 96); *see also Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 793 (Tex. App.—Dallas 2013, pet. denied) ("Substantive defects are never waived because the

---

[1] "According to Texas law, only a licensed attorney is allowed to represent other parties." *Trust v. Jellison*, No. 03-19-00590-CV, No. 03-20-00048-CV, 2021 WL 1725949, at \*3 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.). "[A] person may not practice law in this state unless the person is a member of the state bar." TEX. GOV'T CODE § 81.102(a). "[T]he 'practice of law' means the preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court . . . ." *Id.* § 81.101(a).

11

evidence is incompetent and cannot be considered under any circumstances."). Stated differently, a non-attorney's attempt to appear for a limited liability company has no legal effect, and any evidence presented by the non-attorney cannot be considered. *See Sherman*, 486 S.W.3d at 96 ("Because Boston is not an attorney, his presentation had no legal effect, thereby rendering the evidence legally insufficient to support a judgment in favor of Mr. Day Rents."); *see also McClane*, 416 S.W.3d at 121 ("We hold that the [non-attorney's] presentation of the claim in the county court of law had no legal effect. That is, her testimony under the circumstances is legally insufficient evidence to support the judgment.").

Stuckwish, Creative Chateau's managing member, is not an attorney licensed in Texas. Nevertheless, Stuckwish signed the following pleadings, motions, and discovery on behalf of Creative Chateau: (1) Defendant's Original Answer and Requests for Disclosure, (2) Defendant's Demand for Trial by Jury and Notice of Payment of Fee, (3) Defendant's Objections and Responses to Plaintiff's Requests for Admissions, (4) Defendant's Response to Plaintiff's Motion for Summary Judgment, (5) Proposed Order on Objections to Summary Judgment Evidence, (6) Proposed Order Denying Summary Judgment, and (7) Defendant's Sur-Reply in Opposition to Plaintiff's Motion for Summary Judgment. In doing so, Stuckwish engaged in the unauthorized practice of law. *See* TEX. GOV'T CODE § 81.101(a); *Altech Controls*, 2019 WL 3562633, at *7.

In its reply brief, Creative Chateau argues that the City never objected to Creative Chateau's failure to be represented by an attorney, moved to strike Creative Chateau's pleadings or affirmative defenses, or otherwise raised any concerns in the trial court regarding Creative Chateau's representation. It reasons that, by failing to do so, the City "opportunistically facilitated the unauthorized practice of law." Creative Chateau also asserts that nothing in the record shows that the trial court's ruling was based on Creative Chateau's failure to be represented by an attorney and the court issued no finding as to whether Creative Chateau was or was not represented by an attorney.

We find the Dallas Court of Appeals' decision in *J & A Coating* instructive. In that case, the plaintiff moved for summary judgment against the defendant on its claims for money had and received and unjust enrichment. *See* 2021 WL 972899, at *1. The defendant filed a summary judgment response signed by its non-attorney owner. *See id.* The plaintiff moved to strike the response because it was not signed by a licensed attorney but the trial court did not grant the motion to strike.[2] *See id.*

---

[2] In its order, the trial court stated that it considered "the motion, the reply brief, the arguments of counsel, and the applicable legal authority," but it did not state it considered the defendant's response. *J & A Coating, LLC v. PPG Indus., Inc.*, No. 05-20-00382-CV, 2021 WL 972899, at *2 (Tex. App.—Dallas Mar. 16, 2021, no pet) (mem. op.). The trial court added a footnote after the words "legal authority" stating, "Defendant J & A Coating, L.L.C. is not represented by an attorney and, consequently, this Court has not considered the response filed on Defendant[']s behalf by its owner." *Id.*

13

at 2. The trial court subsequently granted the plaintiff's motion for summary judgment and the defendant appealed. *See id.* at *1.

Citing evidence attached to its summary judgment response, the defendant argued that the trial court erred in granting the summary judgment motion because it had presented evidence raising a genuine issue of material fact on the plaintiff's claims. *See id.* at *2. The defendant further argued that the plaintiff had waived the defendant's failure to be represented by an attorney because the trial court did not expressly rule on the plaintiff's motion to strike the response. *See id.* at *3. The court disagreed, stating:

> J & A cites no authority holding that a trial court must consider a business entity's non-attorney legal filings absent a sustained objection from the opposing party. Such a rule might apply if the failure to be represented by counsel were merely a formal defect. But evidence that is substantively defective is incompetent and cannot be considered under any circumstances. Evidence presented by a non-attorney on behalf of a business entity is incompetent and cannot be considered. Therefore, J & A's response to the motion for summary judgment and the evidence attached to it were substantively defective and could not be considered by the trial court *regardless of whether PPG objected and obtained a ruling on its objection*.

*Id.* at *3 (emphasis added) (internal citations and quotations omitted).

Creative Chateau's summary judgment response and evidence is likewise incompetent and cannot be considered, regardless of whether the City objected to Creative Chateau's failure to be represented by counsel or whether the record reflects that the trial court made a finding as to its representation. *See id.*; *Sherman*, 486

14

S.W.3d at 95–96 (concluding non-attorney's attempt to appear for corporation or present case on its behalf had "no legal effect"); *Hydroscience Techs.*, 401 S.W.3d at 793 ("Substantive defects are never waived because the evidence is incompetent and cannot be considered under any circumstances.").

Creative Chateau argues that the trial court also erred in refusing to rule on its evidentiary objections and admitting all of the City's summary judgment evidence. This argument fares no better. Creative Chateau asserted its evidentiary objections to the City's summary judgment evidence in its summary judgment response which was signed by Stuckwish. Because its summary judgment response is incompetent, cannot be considered, and has "no legal effect," it follows that the evidentiary objections couched within the pleading can likewise not be considered. *See J & A Coating*, 2021 WL 972899, at *2–3; *Sherman*, 486 S.W.3d at 95–96.

Further, Creative Chateau's post-judgment request, acting through its counsel, that the trial court rule on Creative Chateau's objections to the City's summary judgment evidence was properly disregarded by the trial court. As Stuckwish's filings had no legal effect and could not be considered when they were filed, Creative Chateau did not timely object to the City's evidence. Having failed to do so, its objections were waived. *See* TEX. R. APP. P. 33.1(a). The trial court properly disregarded Creative Chateau's summary judgment response and evidence and its objections to the City's evidence. *See J & A Coating*, 2021 WL 972899, at *2–3;

15

*Sherman*, 486 S.W.3d at 95–96. We overrule Creative Chateau's first and second issues.

## Permanent Injunction

In its third issue, Creative Chateau contends that the trial court erred in entering a permanent injunction without evidence that Creative Chateau substantially violated the deed restrictions. The City argues that it established as a matter of law that Creative Chateau committed an ongoing, distinct, and substantial violation of the deed restrictions.

To be entitled to a permanent injunction, an applicant must generally plead and prove: (1) a wrongful act, (2) imminent harm, (3) irreparable injury, and (4) no adequate remedy at law. *Jordan v. Landry's Seafood Rest., Inc.*, 89 S.W.3d 737, 742 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). When, as here, a party seeks a permanent injunction to enforce a restrictive covenant, it is not required to show proof of irreparable injury. *BSG–Spencer Highway Joint Venture, G.P. v. Muniba Enters., Inc.*, No. 01-15-01109-CV, 2017 WL 3261365, at *10 n.3 (Tex. App.—Houston [1st Dist.] Aug. 1, 2017, no pet.) (mem. op.) (citing *Jim Rutherford Invs., Inc. v. Terramar Beach Cmty. Ass'n*, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)). Further, an act that violates a statute or city ordinance may be enjoined without a showing that the legal remedy is inadequate. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002); *San*

*Miguel v. City of Windcrest*, 40 S.W.3d 104, 108 (Tex. App.—San Antonio 2000, no pet.); *Schleuter v. City of Fort Worth*, 947 S.W.2d 920, 932 (Tex. App.—Fort Worth 1997, pet. denied). The City is authorized to enforce, by suit for injunction, certain restrictive covenants that affect subdivisions within the city limits. *See* TEX. LOC. GOV'T CODE §§ 54.012, 212.153; Hous., Tex., Code of Ordinances ch. 10, art. XV, § 10-552.

Breaches of restrictive covenants have long been analyzed in terms of whether, and to what degree, they interfere with the benefit the framers intended. *See McGinty v. W. Airport Homeowners Ass'n, Inc.*, No. 14-98-00884-CV, 2001 WL 197397, at *5 (Tex. App.—Houston [14th Dist.] Mar. 1, 2001, no pet.); *see also Cowling v. Colligan*, 312 S.W.2d 943, 945 (Tex. 1958) (analyzing change of conditions in terms of whether it is no longer possible to secure in substantial degree benefits sought to be realized through covenant). Breaches must distinctly or substantially violate a restriction to warrant injunction. *See, e.g.*, *Tien Tao Ass'n v. Kingsbridge Park Cmty. Ass'n*, 953 S.W.2d 525, 529–30 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding party must substantially violate deed restriction before trial court may issue permanent injunction).

The City presented evidence showing that the Property is a residential address located within the Westhaven Estates, Section Two subdivision. The properties within the subdivision are subject to certain deed restrictions, as set forth in the

Amended and Restated Restrictions for Westhaven Estates, Section Two. Section 53.1 of the deed restrictions limits the use of the Property and all of the other lots in the subdivision:

> Permitted Uses. The following uses shall be the only uses permitted on the Lots:
>
> a. Habitation by one Family per Dwelling;
>
> b. Community Home; and
>
> c. Home Occupation provided that:
>
>> 1. No person other than a resident of the Dwelling shall be engaged or employed in the Home Occupation at the site;
>>
>> 2. There shall be no visible storage or display of occupational materials or products;
>>
>> 3. There shall be no exterior evidence of the conduct of a Home Occupation. A Home Occupation shall be conducted only within the Dwelling, garage or aide's quarters, and no Home Occupation shall be conducted outside of a structure;
>>
>> . . . .
>>
>> 6. The conduct of any Home Occupation shall not increase the amount of traffic in the Subdivision and shall not reduce or render unusable the areas which are provided for off-street parking as required by Chapter 26 of the Code of Ordinances. No additional parking shall be provided for the Home Occupation.

Section 53.2(a) expressly prohibits any property within Westhaven Estates, Section Two from being used for any purpose "not specifically permitted in Paragraph 53.1."

The City's evidence established that from November 9, 2018, when Creative Chateau received the City's letter regarding its deed restriction violations, until the trial court entered final judgment on April 21, 2021, Creative Chateau was operating a business at the Property and the Property was not being used as a residence. While the restrictions allow for limited home occupation, Creative Chateau's operations exceeded that scope. The City's summary judgment evidence showed that Creative Chateau advertised the Property as a commercial event venue on the internet and in print publications. The City's investigator, Gregory, stated in his affidavit that he observed activity at the Property that was consistent with the operation of a wedding, workshop, and event venue business. The activity included multiple vehicles parking at the Property at both the front and back entrances, vehicles arriving at and leaving the Property to drop off and pick up event attendees, attendees parking their vehicles in the subdivision on both San Felipe and nearby Potomac Street, guests arriving at and departing from events hosted at the Property, valet service for certain large events, and the use of the nearby Briargrove Elementary parking lot for events with high attendance. The City attached Gregory's photographs of the Property taken between November 2018 and February 2020 illustrating the activity. Gregory stated that the activity resulted in increased traffic and parking issues in the subdivision. The City's evidence also included numerous affidavits from nearby residents of the subdivision, concerned about the commercial activity, that described multiple events

taking place at the Property consistent with the operation of a wedding, workshop, and event venue business at the Property. The affidavits corroborated Gregory's observations.

The City's evidence established that Creative Chateau did not use the Property as a residence but instead operated its business on the Property. The evidence showed that operation of Creative Chateau's business resulted in increased traffic and parking issues in the subdivision and surrounding area. The evidence further demonstrates that despite being notified by the City in November 2018 of its violations of the deed restrictions, Creative Chateau continued operating its business until the trial court entered judgment and a permanent injunction in April 2021 enjoining it from operating its business at the Property in violation of the deed restrictions. Creative Chateau's violations harmed the other property owners by preventing them from being able to realize the full benefit of their properties and the rights that come with living in a subdivision that is subject to deed restrictions. *See Gunnels v. N. Woodland Hills Cmty. Ass'n*, 563 S.W.2d 334, 338 (Tex. App.— Houston [1st Dist.] 1978, no writ) ("It is a well[-]known fact that restrictions enhance the value of the subdivision property and form an inducement for purchasers to buy lots within the subdivision."). Creative Chateau's business operations at the Property constituted distinct and substantial ongoing violations of the deed restrictions. The trial court properly granted summary judgment on the City's claim

for permanent injunctive relief. *See Jim Rutherford Invs.*, 25 S.W.3d at 849 (noting substantial violation of deed restrictions—even without proof of irreparable harm to neighborhood—is sufficient to justify permanent injunction). We overrule Creative Chateau's third issue.

**Motion for New Trial**

In its fourth issue, Creative Chateau contends that the trial court abused its discretion in denying its motion for new trial based on newly discovered evidence and changed circumstances, and that the permanent injunction was no longer necessary or proper after the deed restrictions were amended. The City argues that Creative Chateau's evidence was not newly discovered but rather newly created and therefore could not serve as the basis for a new trial. It also argues that the trial court was within its discretion to decide conflicting evidence and determine that Creative Chateau's purported amendment did not show a change in circumstances that would justify dissolving the permanent injunction.

A party seeking a new trial on the basis of newly discovered evidence must show that (1) new evidence has been discovered since trial, (2) the failure to discover the evidence prior to trial was not because of lack of due diligence, (3) the evidence is not cumulative, and (4) the evidence is so material that it probably would produce a different result if a new trial were granted. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983), *overruled on other grounds by Moritz v. Preiss*, 121 S.W.3d

715 (Tex. 2003); *Lofton v. Dyer*, No. 01-07-00184-CV, 2008 WL 2058219, at *2 (Tex. App.—Houston [1st Dist.] May 15, 2008, pet. denied) (mem. op.). We review a trial court's denial of a motion for new trial for an abuse of discretion. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Every reasonable presumption will be made in favor of a trial court's order refusing a new trial. *Jackson*, 660 S.W.2d at 809–10. Whether a motion for new trial based on newly discovered evidence will be granted or refused generally is a matter left to the sound discretion of the trial court. *In re A.G.C.*, 279 S.W.3d 441, 454 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing *Jackson*, 660 S.W.2d at 809).

On May 19, 2021, Creative Chateau, then represented by counsel, filed a verified motion for new trial and to vacate permanent injunction based on "newly discovered evidence." It argued that the deed restrictions had been amended after the final judgment and that the amendments expressly permitted Creative Chateau to continue operating its business at the Property as it had previously done.[3] Creative

---

[3] Creative Chateau points to a "Consent and Approval of Second Amendment to Amended and Restated Restrictions for Westhaven Estates Section Two" that it claims a majority of property owners approved in late April or early May 2021. Amended Section 53.1 now provides, in pertinent part, that the following use is permitted on the Lots:

. . . .

d. The operation of The Creative Chateau on Tract 319 in Block 12 of the Subdivision, commonly known as 6104 San Felipe Street, Houston, Texas 77057 (the "Site"). As long as the Site is owned by The Creative Chateau, LLC ("TCC"), TCC shall be permitted to operate its existing business at the Site in the same manner as it has since 2018 so long as

22

Chateau argues in its brief that "[b]ecause the Deed Restrictions were not amended until after entry of the April 19, 2021 Judgment and Permanent Injunction, the Amended Deed Restrictions clearly did not exist before trial and were, unquestionably, discovered after trial." We disagree.

"[E]vidence not in existence prior to judgment cannot support a new trial." *Banker v. Banker*, 517 S.W.3d 863, 878 (Tex. App.—Corpus Christi—Edinburg 2017, pet. denied) (concluding defendant's motion for new trial based on newly discovered evidence was better termed "new evidence" given that evidence was created by developments after trial); *see also In re C.Y.C.*, No. 14-11-00341-CV, 2012 WL 3223674, at *19 (Tex. App.—Houston [14th Dist.] Aug. 9, 2012, pet. denied) (mem. op.) (concluding that mother's evidence supporting motion for new trial was not in existence at time of trial court's final order and therefore "this evidence does not satisfy the burden that must be met to obtain a new trial on the ground of newly discovered evidence"); *Sifuentes v. Tex. Emps.' Ins. Ass'n*, 754 S.W.2d 784, 787 (Tex. App.—Dallas 1988, no writ) (concluding that defendant's motion for new trial was based on "new evidence rather than newly discovered evidence" and therefore evidence could not form basis for new trial). Because the

TCC uses the Site for its existing purposes, including meetings, photography sessions, videography, and hosting intimate events of 75 persons or less.

purported amendments to the deed restrictions did not exist prior to judgment, they cannot serve as the basis for new trial. *See Sifuentes*, 754 S.W.2d at 787.

In its motion for new trial, Creative Chateau also characterized the amendment as a change in circumstance that required the trial court to dissolve the permanent injunction. This argument is equally unavailing.

"Changed circumstances are conditions that altered the status quo existing after the injunction was granted or that made the injunction unnecessary or improper." *In re Guardianship of Stokley*, No. 05-10-01660-CV, 2011 WL 4600428, at *3 (Tex. App.—Dallas Oct. 6, 2011, no pet.) (mem. op.); *Schuring v. Fosters Mill Vill. Cmty. Ass'n*, 396 S.W.3d 73, 77 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("Modification of an injunction may be appropriate when changed circumstances render an injunction unnecessary or improper."). An enjoined party bears the burden of showing changed circumstances and "[a]bsent changed circumstances, a trial court lacks the authority to modify a final, permanent injunction." *Schuring*, 396 S.W.3d at 76. A trial court does not abuse its discretion when it bases its decision on conflicting evidence. *Id.* at 77–78 (noting that trial court was not required to accept defendants' allegations because other evidence in record and presumptions supported implied findings to contrary and affirming trial court's denial of motion to dissolve injunction); *see also Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Clark v. Randalls Food*, 317 S.W.3d 351, 356 (Tex. App.—

24

Houston [1st Dist.] 2010, no pet.); *Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433–34 (Tex. App.—Fort Worth 2005, no pet.). Further, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru*, 84 S.W.3d at 211.

In its motion, Creative Chateau asserted that "a majority of the Westhaven Estates, Section Two property owners approved the [] amendment to the deed restrictions." It attached to its motion a copy of the amendment accompanied by the signatures of a number of property owners who had been presented with a petition in support of the amendment and who Creative Chateau claimed had approved the amendment. In its response, the City argued that the purported deed restriction amendment was not lawfully obtained and attached evidence including affidavits from residents showing that (1) some of the signatures were obtained by misrepresenting what the petition was intended to accomplish, (2) on one occasion, one of the persons obtaining signatures identified herself as Jessica Ruggles, one of Creative Chateau's Managing Members and Directors, (3) one of the signatures was a forgery, (4) Stuckwish notarized the forged signature, and (5) Stuckwish notarized several signatures without witnessing the person's signature and without obtaining

25

the required identification.[4] We also note that the trial court was aware that Stuckwish had engaged in the unauthorized practice of law by representing Creative Chateau through the numerous documents he signed and filed during the underlying proceedings.

The trial court could consider all of this evidence in evaluating Creative's Chateau's evidence in support of its motion for new trial. Because the trial court based its decision on conflicting evidence and there was evidence in the record that reasonably supported its decision, it did not abuse its discretion in denying Creative Chateau's motion for new trial. *See Davis*, 571 S.W.2d at 862; *Clark*, 317 S.W.3d at 356. We overrule Creative Chateau's fourth issue.

Any pending motions are dismissed as moot.

## Conclusion

We affirm the trial court's judgment.

Amparo Guerra
Justice

Panel consists of Justices Goodman, Hightower, and Guerra.

---

[4] A person who notarizes a forged signature, notarizes people who were not present, and notarizes signatures on a matter in which he had a pecuniary interest violates his ethical and legal obligations under the Notary Public Act. *See, e.g.*, TEX. GOV'T CODE. § 406.009(d)(5) (providing that notarizing signature when person is not present at the time is "good cause" for revoking notary commission).

26