# Supreme Court of Texas

No. 23-0729

In the Matter of Troy S. Poe Trust

On Petition for Review from the
Court of Appeals for the Eighth District of Texas

JUSTICE BUSBY, joined by Justice Devine and Justice Young, concurring in the denial of the petition for review.

We previously remanded this case for the court of appeals to address whether a statutory petition to modify a trust is a "cause" in which a party has a constitutional "right of trial by jury" to resolve disputed questions of fact. TEX. CONST. art. V, § 10; *see In re Troy S. Poe Tr.*, 646 S.W.3d 771, 780-81 (Tex. 2022) (*Poe Trust I*). In doing so, I urged the court of appeals—and courts, parties, and amici in future cases—to help us "begin correcting the course of our jury-trial jurisprudence" by developing a "coherent analytical framework" for deciding when a jury is required, guided by "the plain meaning of the [constitutional] text as it was understood by those who ratified it," that makes sense of our current "hodgepodge of confusing precedents and [tests employing] indeterminate adjectives." *Poe Trust I*, 646 S.W.3d at 781-82 (Busby, J., concurring) (internal quotation marks omitted). I cautioned, however, that "the court of appeals is not free to reexamine

this Court's precedent," which "we may eventually have to do." *Id.* at 782.

In taking up this challenging task on remand, the majority of the panel in the court of appeals unfortunately misunderstood how the relevant constitutional provision has changed over time, which led it to refuse to follow some of this Court's precedents from much closer to the time of ratification that are still good law. *See In re Troy S. Poe Tr.*, 673 S.W.3d 395, 403-05 (Tex. App.—El Paso 2023) (*Poe Trust II*). I write to explain how the panel majority erred so that this course correction will not veer off track. But because I have concluded after considering the parties' briefing that there is no disputed question of fact here for a jury to decide, I concur in the Court's denial of the petition for review.

I

As explained in my previous concurrence, the framers of the Texas Constitution considered the jury-trial right so important that they used sweeping and emphatic language to guarantee it not just once, but twice. The Bill of Rights provides that "[t]he right of trial by jury shall remain inviolate." TEX. CONST. art. I, § 15. We have held that this provision applies to common-law actions that would have been tried to a jury in 1876, as well as analogous actions and statutory or rule-based substitutes for such actions. *Poe Trust I*, 646 S.W.3d at 784 (Busby, J., concurring) (collecting cases). Because there was no common-law action analogous to trust modification, no one contends that the Bill of Rights guarantee applies to a statutory trust-modification proceeding. But its existence and scope are important in understanding the meaning of the other guarantee, which is at issue here.

2

That guarantee, which appears in the Judiciary Article, provides that "[i]n the trial of *all causes* in the district courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury." TEX. CONST. art. V, § 10 (emphasis added). We have held that this guarantee applies, among other things, to "ultimate issues of fact" in "equitable action[s],"[1] analogous actions, and statutory or rule-based substitutes for such actions, as well as when challenging disputed facts addressed in proceedings ancillary to a cause. *See Poe Trust I*, 646 S.W.3d at 784, 787-89 (Busby, J., concurring) (collecting cases). For example, it applies to contested matters of fact arising from receivership and probate proceedings. *Id.* at 788-89; *San Jacinto Oil Co. v. Culberson*, 101 S.W. 197, 199 (Tex. 1907); *Davis v. Davis*, 34 Tex. 15, 23-24 (1870).

We have also explained that the Judiciary Article guarantee was "intended to broaden the right to a jury," and that the word "cause" had a "broad meaning . . . when our present Constitution was drafted" that included any "suit, litigation, or action" involving a "question . . . litigated or contested before a court" or "legal process . . . to obtain [a] demand" or "seek[] [a] right." *State v. Credit Bureau of Laredo, Inc.*, 530 S.W.2d 288, 292 (Tex. 1975). Thus, a "special reason" is necessary to conclude that particular "adversary proceedings" do not "qualify as a 'cause'." *Id.* at 293. Because we have identified certain special reasons—such as separate constitutional provisions—that some proceedings do not require a jury, "not all adversary proceedings are

---

[1] *State v. Tex. Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex. 1979).

3

'causes' within the meaning of the Judiciary Article." *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 527 (Tex. 1995); *see Poe Trust I*, 646 S.W.3d at 779; *id.* at 787-790 (Busby, J., concurring) (analyzing cases identifying special reasons).

Here, as the Court explained in *Poe Trust I*, a petition to modify a trust under Section 112.053 of the Property Code is a statutory substitute for the traditional equitable action to deviate from a trust. 646 S.W.3d at 776. And this particular petition led to contested claims and counterclaims among parties to the case with interests in the trust regarding whether the modification requirements were satisfied. *Id.* at 774.

But on remand, a majority of the court of appeals panel did not examine whether there was a "special reason" of the sort we have held sufficient to exclude such an adversary equitable action from the Judiciary Article guarantee. Instead, the panel majority excluded these claims by disregarding the broader definition of "cause" we endorsed in *Credit Bureau* and selecting a narrower alternative definition derived from the common law: an "ordinary cause *of action*" or "personal action" in which a plaintiff alleges that a defendant breached a legal duty or violated a legal right and seeks recourse for that conduct. *Poe Trust II*, 673 S.W.3d at 408-410 (emphasis added).[2]

---

[2] *See, e.g.*, *Poe Trust II*, 673 S.W.3d at 408 (selecting alternative definition of cause as "'cause of action' that 'arises upon the breach of a duty or the violation of a right *recognized in the law*.'" (emphasis added) (internal quotation marks omitted)); *id.* at 409 (crediting definition applying right to trial by jury to "actions *according to the course of the common law* and not to special proceedings of a summary character" (emphasis added) (internal quotation marks omitted)); *id.* at 409-410 & n.9 (crediting definition of

4

The panel reasoned that there were only two possible definitions of "cause": the narrow one it selected and another that "embrace[s] every contested proceeding." *Id.* at 406. It concluded that the history of changes to our Constitution compelled it to select the narrower definition because the drafters of the 1876 Constitution "eliminat[ed] the broad [jury-trial] language in the 1869 Constitution and add[ed] narrower language." *Id.* at 404. And it held that this constitutional change rendered our 1870 *Davis* decision requiring a jury trial in a will contest "of little, if any, value" and allowed the panel to disregard our "cases at the turn of the 20th Century [that] continued to use broad language when describing the constitutional jury-trial right." *Id.* at 405.

Several weaknesses, however, underlie the panel majority's definition and reasoning. First, the panel's definition impermissibly departs from the "broad" definition of "cause" we endorsed in *Credit Bureau*, which was drawn from contemporaneous sources. 530 S.W.2d at 292. Indeed, an amicus helpfully points out that Texas cases used the term "cause" in the 1870s to describe a wide variety of proceedings involving trusts.[3] Second, the panel's definition is based on the common law and thus excludes equitable actions, which we have long held the

---

common-law "personal action" for breach of contract, debt, or trespass that excludes specific recovery of lands or inheritances).

[3] *See* Brief for Texas Trial Lawyers Ass'n as Amicus Curiae Supporting Petitioner at 8-9, In re Troy S. Poe Tr., No. 23-0729 (Tex. June 17, 2024) (collecting cases showing that cause "was used to describe suits by beneficiaries against trustees, litigation from foreclosures after trustees failed to execute the trust (where the right to a jury trial was recognized and waived), jury trials in the wake of trustees' defalcations, [and] trust stock suits against successors to trustees (where the right to a jury trial was recognized and waived)").

5

Judiciary Article guarantee was specifically enacted to include.[4]  *E.g.*, *Credit Bureau*, 530 S.W.2d at 292; *Cockrill v. Cox*, 65 Tex. 669, 672 (1886).  The panel's definition would collapse the Judiciary Article guarantee into the Bill of Rights guarantee, rendering the former surplusage.

Moreover, the panel majority's reasons for crafting a new, narrower definition of "cause" are based on a misunderstanding of Texas constitutional history.  The lynchpin of the panel's constitutional view is its statement that "[e]arlier versions of the Constitution contain[ed] far broader jury-trial rights."  *Poe Trust II*, 673 S.W.3d at 403.[5]  To the contrary, every one of the Texas Constitutions since 1845 has included

---

[4] Guaranteeing a jury trial in equitable actions is a unique feature of Texas jury-trial jurisprudence that renders the panel's selected definitions from national reference works inapposite.  The panel also relies on an article by Whitney Harris, which we cited in *Credit Bureau*.  *See* Whitney R. Harris, *Jury Trial in Civil Cases—A Problem in Constitutional Interpretation*, 7 SW. L.J. 1 (1953).  But we did not endorse the Harris article in its entirety, much less adopt it as a statement of the law, and parts of that article commit the same error of relying on the common-law understanding of a "cause of action" to define "cause."  Indeed, *Credit Bureau* also relied on a second article that conflicts with the Harris article in some respects.  *See* 530 S.W.2d at 293 (citing Carroll, *Right to Trial by Jury—Exceptions*, 7 TEX. L. REV. 663 (1928)).  For example, Harris additionally advocated extending the right of trial by jury in habeas corpus proceedings to other proceedings involving child custody or adoption.  7 SW. L.J. at 9-12.  Notably, *Credit Bureau* omitted any discussion of those proceedings, as does the Carroll article.  Conversely, although both articles discussed judicial review of administrative decisions, Harris did not separately address the right to a jury in license-revocation proceedings; the treatment of those proceedings in *Credit Bureau* finds support in the Carroll article.

[5] In fairness, the panel's confusion may have stemmed from a misstatement in *Credit Bureau* that "the present Constitution of 1876 . . . changed the words of the earlier Constitutions from 'all cases of law or equity' to its present form, 'trial of all causes.'"  530 S.W.2d at 292.

the "trial of all causes" formulation that currently appears in Section 10 of the Judiciary Article.[6]  Although earlier formulations referred specifically to "all causes in equity," we concluded in *Credit Bureau* that dropping the equity qualifier made the guarantee broader, not narrower. 530 S.W.2d at 292-93.

A separate provision addressing a jury trial in "all *cases*" first appeared in a new section added to the 1866 Constitution: Section 20 of the Judiciary Article.  This section provided that "[i]n all cases of law or equity, where the matter in controversy shall be valued at, or exceed twenty dollars, the right of trial by jury shall be preserved." TEX. CONST. of 1866, art. IV, § 20.  The addition of Section 20 coincided with provisions broadening the jurisdiction of county courts.  The Constitutions of 1845 and 1861 had provided for the establishment of county courts to hear certain matters.[7]  The 1866 Constitution expanded that grant of jurisdiction to additional matters, including "such civil cases, where the matter in controversy shall not exceed five hundred

---

[6] *See* TEX. CONST. of 1845, art. IV, § 16 ("In the trial of all causes in equity in the district court . . . ."); TEX. CONST. of 1861, art. IV, § 16 ("In the trial of all causes in equity in the District Court . . . ."); TEX. CONST. of 1866, art. IV, § 8 ("In the trial of all causes in equity in the District Courts . . . ."); TEX. CONST. of 1869, art. V, § 26 ("In the trial of all causes in the District Court . . . ."); TEX. CONST. of 1876, art. V, § 10 ("In the trial of all causes in the District Courts . . . .").

[7] TEX. CONST. of 1861, art. IV, § 15 ("Inferior tribunals shall be established in each county for appointing guardians, granting letters testamentary and of administration; for settling the accounts of executors, administrators, and guardians, and the transaction of business appertaining to estates."); TEX. CONST. of 1845, art. IV, § 15 (same).

7

dollars, . . . without regard to any distinction between law and equity." TEX. CONST. of 1866, art. IV, § 16.

Section 20 therefore did not "exten[d] the right to a jury to 'all cases of law or equity,'" as we said in *Credit Bureau*, 530 S.W.2d at 292; that right had long been guaranteed by the "all causes" language now in Section 10 of the Judiciary Article and by the Bill of Rights. Instead, Section 20 "preserved" these jury-trial guarantees even if the suit was brought in county court. TEX. CONST. of 1866, art. IV, § 20.

The panel majority compounded its misunderstanding by focusing on earlier Constitutions' inclusion of a jury-trial right for certain contracts-related cases. The panel dubbed this contracts-related provision a "third jury-trial right," in addition to Section 20 and the "all causes" language now in Section 10. *Poe Trust II*, 673 S.W.3d at 403-04. And according to the panel, our present "1876 Constitution removed all three jury-trial rights that were in the 1869 Constitution, save the one in the Bill of Rights, and added *the narrower Judiciary Article language* that remains today." *Id.* at 404 (emphasis added).

Not so. The Constitutions of 1845 and 1861 provided that "[i]n all causes arising out of a contract, before any inferior judicial tribunal, . . . the plaintiff or defendant shall, upon application to the presiding officer, have the right of trial by jury." TEX. CONST. of 1861, art. IV, § 18; TEX. CONST. of 1845, art. IV, § 18. This provision does not appear at all in the Constitution of 1866. An amended version of it resurfaces in the 1869 Constitution—the only true instance of a change in constitutional

8

language from "all causes" to "all cases"[8]—but is again omitted from the 1876 Constitution.

Although the panel was correct that the drafters of the 1876 Constitution eliminated some language from earlier Constitutions by dropping Section 20 and the contracts-related provision, those drafters never "add[ed] narrower language" from which a court could infer that they "intended a different result." *Poe Trust II*, 673 S.W.3d at 404. To the contrary, the "all causes" guarantee now in Section 10 of the Judiciary Article has never been amended, aside from the omission of the qualifying words "in equity" from the Constitutions of 1869 and 1876. The most likely inference from this constitutional evolution is that the drafters thought the Judiciary Article's "all causes" guarantee was broad enough to encompass Section 20 and the contracts-related provision once the "in equity" qualifier was deleted; thus, the latter provisions became unnecessary and were removed. This history supports the "broad" definition of "cause" we endorsed in *Credit Bureau*. 530 S.W.2d at 292-93.

For this additional reason, the panel majority erred in choosing a different and much narrower common-law definition of "cause," which led it to depart improperly from several other binding precedents of this Court. For example, because our 1870 *Davis* decision requiring a jury trial in a will contest predated the adoption of the 1876 Constitution, the panel concluded that *Davis* has "little, if any, value," *Poe Trust II*,

---

[8] *Compare* TEX. CONST. of 1845, art. IV, § 18 ("In all *causes* arising out of a contract . . . ." (emphasis added)), *and* TEX. CONST. of 1861, art. IV, § 18 (same), *with* TEX. CONST. of 1869, art. V, § 25 ("In all *cases* arising out of a contract . . . ." (emphasis added)).

9

673 S.W.3d at 405—even though the language of the Judiciary Article guarantee now in Section 10 was exactly the same in the 1869 Constitution.[9] And although we decided *Tolle v. Tolle*, 104 S.W. 1049 (Tex. 1907), and *San Jacinto Oil* after the 1876 Constitution was adopted, the panel incorrectly dismissed those decisions—which we have relied on frequently[10]—as "cases at the turn of the 20th Century [that] continued to use broad language when describing the constitutional jury-trial right." *Poe Trust II*, 673 S.W.3d at 405.

Under these and other precedents, the court of appeals erred by adopting a binary view of the options for defining the scope of the Judiciary Article's jury-trial guarantee and selecting the narrower option. Instead, it should have followed the middle path charted by our cases (hodgepodge though they may be), proceeding to examine whether there is a "special reason" of the kind we have held sufficient to deny a jury trial even though this adversary equitable action otherwise falls within the broad meaning of "cause" in the Judiciary Article guarantee. *See Credit Bureau*, 530 S.W.2d at 293; *see also Poe Trust I*, 646 S.W.3d at 787-790 (Busby, J., concurring). If any departure from our precedent is warranted, it must come from this Court.

---

[9] *Compare* TEX. CONST. of 1869, art. V, § 26 ("In the trial of all causes in the District Court . . . ."), *with* TEX. CONST. of 1876, art. V, § 10 ("In the trial of all causes in the District Courts . . . .").

[10] *E.g.*, *Poe Trust I*, 646 S.W.3d at 779 (citing *Tolle*); *id.* at 789 (Busby, J., concurring) (quoting *Tolle*); *see also Oncor Elec. Delivery Co. v. Chaparral Energy, LLC*, 546 S.W.3d 133, 144 (Tex. 2018) (citing *Tolle* in connection with the "all causes" language of Section 10 of the Judiciary Article); *Garcia*, 893 S.W.2d at 526 (same); *Credit Bureau*, 530 S.W.2d at 292 (citing *Tolle*).

I do not analyze either point here, however—whether a "special reason" applies in this context under our existing jurisprudence *or* whether that jurisprudence is well grounded in the Constitution's text and history. Because I conclude that there are no disputed questions of material fact in this case for a jury to resolve, those questions must await a future case.

## II

"We have not yet addressed whether there are fact issues for a jury to decide in a modification suit." *Poe Trust I*, 646 S.W.3d at 782 n.3 (Busby, J., concurring). Consistent with the court of appeals' holding in the prior appeal,[11] Richard Poe, a trustee and remainder beneficiary, contends in his petition for review that each of the grounds alleged in co-trustee Anthony Bock's petition to modify the trust raises "disputed factual predicates that a jury was required to decide in this case."

Section 112.054 enumerates several alternative grounds that can support granting a trustee's or beneficiary's statutory petition for modification or termination of a trust. TEX. PROP. CODE § 112.054(a). The grounds for modification that Bock alleged are: "(1) the purposes of the trust have been fulfilled or have become illegal or impossible to fulfill," and "(2) because of circumstances not known to or anticipated by the settlor, the order will further the purposes of the trust."

---

[11] *See In re Troy S. Poe Tr.*, 591 S.W.3d 168, 171 (Tex. App.—El Paso 2019) ("We hold that the predicate questions of whether the trust needed to be modified was a fact question that should have been decided by a jury upon a proper jury demand."), *rev'd on other grounds*, *Poe Trust I*, 646 S.W.3d at 780-81.

11

*Id.* § 112.054(a)(1), (2). Establishing one or more of the predicate grounds empowers the trial court to order a modification or other remedies available under subsection (a). *See Poe Trust I*, 646 S.W.3d at 777.

As discussed in *Poe Trust I*, Section 112.054 codifies the equitable "rule or doctrine of deviation." *Id.* at 776 (internal quotation marks omitted). To determine whether the Judiciary Article's jury-trial guarantee was violated in an equitable cause, "the pivotal inquiry . . . is whether the disputed matter is a question of fact that must be submitted to a jury or a question of equitable discretion to be decided by the court." *Id.* at 785 (Busby, J., concurring).

Here, the probate court found after a bench trial that "[b]ecause of changed circumstances since the death of [Dick Poe, the settlor], the purposes of the Trust have become impossible to fulfill, and modification will further the Trust purposes." But the parties have not identified any disputed evidence regarding what the factual circumstances were when the trust was created or regarding how those circumstances changed by the time Bock filed his petition for modification. Indeed, Richard notes that he and Bock "disagreed on only two matters, neither of which implicated [the primary beneficiary]." Nor are there any factual disputes regarding what the purposes of the trust are.

We therefore need not resolve whether such factual disputes would require submission to the jury. Instead, many of Richard's arguments in this case concern the equitable question whether certain undisputed facts count as "changed circumstances" or establish impossibility. At bottom, Richard's arguments seek to reframe the

question whether modification was *warranted*, which is a question for the probate court in determining the expediency, necessity, and propriety of equitable relief.

Under our cases addressed in my previous concurrence, the "ultimate issues" of whether and how to modify the trust are questions of equitable discretion for the probate court. *Poe Trust I*, 646 S.W.2d at 781, 785-86 (Busby, J., concurring).[12] Because Richard has not identified any material factual disputes for a jury to resolve that would inform the probate court's resolution of those questions in this particular case, I conclude that no jury was required and concur in the Court's denial of review.

 

J. Brett Busby
Justice

**OPINION FILED:** August 16, 2024

---

[12] *See Huynh v. Blanchard*, ___ S.W.3d ___, 2024 WL 2869423, at *13-14 (Tex. June 7, 2024); *Tex. Pet Foods, Inc.*, 591 S.W.2d at 803 ("[O]nly ultimate issues of fact are submitted for jury determination."); *Schuring v. Fosters Mill Vill. Cmty. Ass'n*, 396 S.W.3d 73, 76 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (adopting "two-step inquiry" that asks first "whether the evidence shows actual changed circumstances," and second "whether the trial court abused its discretion in ruling upon the requested modification").