Sheila K. BARNES, Appellant

v.

STONE WAY LIMITED
PARTNERSHIP,
Appellee.

No. 09–09–00328–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Nov. 18, 2010.

Decided Jan. 27, 2011.

Jeffery T. Nobles, Polly B. Graham, Haynes and Boone, LLP, Houston, for Appellant.

Nathan J. Schwartz, Gregory T. Meyer, Meyer & Colegrove, PLLC, Plano, for Appellees.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Sheila Barnes appeals from a default judgment in a forcible detainer action. We conclude the default judgment must be set aside. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939).

### BACKGROUND

Barnes signed a lease for an apartment unit owned by Stone Way Limited Partnership. During her occupancy of the apartment, Barnes and the management had disagreements. Claiming Barnes violated the terms of her lease, Stone Way filed a forcible detainer action against

Barnes. The justice court rendered judgment for Stone Way, and Barnes appealed to the county court at law. Trial was set for June 22, 2009.

Barnes filed motions for continuance on health grounds. There is evidence in the record that she suffers from multiple sclerosis and was experiencing health problems related to that condition prior to the June and July trial settings. She was hospitalized in June and again in July 2009. The record contains a June 1 letter from her neurologist indicating that Barnes was incapacitated by an "exacerbation" of multiple sclerosis, that she was undergoing treatment, and that she was "unable to attend any hearing at this time." Barnes presented evidence that she was admitted to a Beaumont hospital on June 8, 2009. There is evidence in the record that Barnes was transferred to HealthSouth Hospital in Beaumont where she remained until June 24, 2009, when she was then transferred to St. Luke's Hospital in Houston. By a June 29, 2009 letter, the trial court notified Barnes that the trial was set for jury trial on the July 22, 2009 docket.

On July 16, 2009, Barnes, without counsel, attended the hearing on a continuance motion. Barnes explained she was ill, and had been in the hospital. She further related that she was supposed to be in the hospital at that time, and was going to the hospital. The trial court denied Barnes's request for a continuance.

On July 20, 2009, Barnes filed an emergency motion for continuance on health grounds. Contained in the record is a July 21 fax from a Methodist Hospital social worker who informed the Jefferson County Clerk's office that Barnes was admitted to the hospital on July 19, 2009, and had not been discharged. The letter also gave the name and telephone number of the attending physician, who would be available to answer additional questions. The case proceeded to trial on July 22. Barnes did not attend. Barnes was not represented at trial by counsel. The trial court was informed that Barnes was in the hospital, and the trial judge indicated he was aware of that fact. Stone Way presented its case, and the trial court rendered a default judgment in Stone Way's favor. Barnes was evicted from her apartment.

## MOOTNESS

■ Although Stone Way did not suggest mootness in its brief, it pursued the issue in oral argument. We must determine whether we have jurisdiction over this matter. *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.-Houston [14th Dist.] 2006, no pet.). In *Marshall v. Housing Authority of the City of San Antonio*, 198 S.W.3d 782, 786 (Tex.2006), a landlord filed a forcible detainer suit to evict a tenant from a premises in a rent-subsidized federal housing assistance program. The Supreme Court noted that even if an appellant had given up possession of the leased property after the trial court signed a judgment of possession, the appeal might not be moot if the appellant had timely and clearly expressed her intent to appeal, and the appellate relief requested is "not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [leased premises]." *Id.* at 787. Barnes timely appealed. Barnes's lease provided that the lease term expired on March 30, 2009, but it would "automatically renew month-to-month unless either party g[ave] at least 60 days written notice of termination...." Stone Way gave the notice to vacate five days prior to filing suit and ten days prior to the expiration of the lease term. The evidence of "good cause" for

termination of the lease is disputed. We conclude the issues are not moot.

## MOTION FOR NEW TRIAL

Barnes filed a motion for new trial, an addendum to the motion, and an amended motion. The motion was overruled by operation of law. We review the denial of a motion for new trial under an abuse of discretion standard. *Dolgencorp of Tex., Inc. v. Lerma,* 288 S.W.3d 922, 926 (Tex. 2009).

In *Craddock v. Sunshine Bus Lines, Inc.,* the Court held that a default judgment should be set aside and a new trial granted when the defaulting party establishes that: (1) the failure to appear at trial was not intentional or the result of conscious indifference, but was the result of an accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Craddock,* 133 S.W.2d at 126; *see also Dolgencorp,* 288 S.W.3d at 925. *Craddock* has been extended to post-answer default judgments. *See Dolgencorp,* 288 S.W.3d at 925–26; *Ivy v. Carrell,* 407 S.W.2d 212, 213–214 (Tex.1966) ("The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in *Craddock* [.]")

## FAILURE TO APPEAR AT TRIAL

Barnes supported the motion for new trial with her affidavit. She stated:

I was hospitalized on July 22, the date that the hearing resulting in the default judgment against me was held. The Court was aware of my hospitalization before the hearing. Furthermore, the Court was aware of my health problems and that my doctor had advised me to

return to the hospital before the July 22 hearing.

Without any supporting affidavit or evidence, Stone Way responded by stating that Barnes "allegedly checked herself into a hospital to avoid trial."

 In determining whether the failure to appear at trial was because of intentional disregard or conscious indifference, we look to the knowledge and acts of the defendant. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 269 (Tex.1994). If the factual assertions in the defendant's affidavit are not controverted by the plaintiff, the defendant satisfies the requirement if the affidavit sets forth facts that, if true, negate intentional or consciously indifferent conduct by the defendant. *Id.* A defendant's failure to appear is not intentional or the result of conscious indifference merely because it was deliberate; rather, it must also be without justification. *Anderson v. Anderson,* 282 S.W.3d 150, 153 (Tex.App.-El Paso 2009, no pet.). Proof of accident, mistake, justification, or other reasonable explanation negates intent or conscious indifference. *Id.* The record supports Barnes's claim of ongoing health problems and the fact of her hospitalization on the day of trial. This evidence supports Barnes's assertion that her failure to appear at trial, although deliberate, was justified, and not the result of intentional disregard or conscious indifference.

## MERITORIOUS DEFENSE

 The second *Craddock* element requires the defendant to set up a meritorious defense in its motion for new trial. *Dolgencorp,* 288 S.W.3d at 927; *Craddock,* 133 S.W.2d at 126. Stone Way's brief does not challenge this second *Craddock* ground. "Setting up a meritorious defense does not require proof 'in the accepted sense.'" *Dolgencorp,* 288 S.W.3d at 927–28

(quoting *Ivy*, 407 S.W.2d at 214). Instead, the defendant "must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense." *Ivy*, 407 S.W.2d at 214 (citations omitted). Once these requirements are met, the non-movant's controverting evidence should not be considered. *Dolgencorp*, 288 S.W.3d at 928 (citing *Ivy*, 407 S.W.2d at 214).

Barnes asserts on appeal, as she asserted in the trial court, that Stone Way violated the terms of the lease, as well as both state and federal law. She contends that Stone Way violated Title 24 of the Code of Federal Regulations, section 92.253(c). This section provides, in pertinent part, that an owner may not terminate the tenancy, or refuse to renew the lease, of a tenant of rental housing assisted with HOME funds "except for serious or repeated violation of the terms and conditions of the lease; for violation of applicable Federal, State, or local law; ... or for other good cause." 24 C.F.R. § 92.253(c) (2002). Barnes's addendum to the motion for new trial references this alleged violation, as well as a notice violation:

> Plaintiffs violated and failed to comply with Defendant's HUD Section 8 Housing Voucher and Addendum; and, TAA Lease Contract Addendum for Units Participating in Government Regulated Affordable Housing Programs "Good Cause."
>
> . . .
>
> Defendant Specially Excepts to the Notice to Vacate and Plaintiff's Pleadings as being, vague, non-specific and failing to inform Defendant's of the particulars in order to mount a defense to the allegations. Such lack of specifically violates Due Process.

Attached to Barnes's answer to Stone Way's petition are documents relating to her defenses, including the lease with Stone Way and the addendums she alleges are required under federal and state law. Stone Way did not attach the addendums under federal law to its pleading and did not present the addendums to the court at the trial.

Barnes asserted the alleged violations in her amended motion for new trial, and she argues on appeal that the evidence is insufficient to establish, among other things, good cause for eviction. Barnes also contends that Stone Way retaliated against her in violation of chapter 92 of the Texas Property Code, which prohibits retaliation by a landlord against a tenant and provides that retaliation is an absolute defense in a suit for eviction. *See* Tex. Prop. Code Ann. §§ 92.331, 92.335 (West 2007). These are contested issues. Barnes set up meritorious defenses that would produce, if true, a different result.

### Delay or Injury

The purpose of the third element of the *Craddock* test is to protect a plaintiff from undue delay or injury that would result in a disadvantage when presenting the merits of the case at a new trial. *Dolgencorp*, 288 S.W.3d at 929. Under *Craddock*, the defaulting defendant first alleges that granting a new trial will not injure the plaintiff. *Dolgencorp*, 288 S.W.3d at 929. Barnes pled that the setting aside of the default judgment would not cause undue delay or injure Stone Way. The burden then shifted to Stone Way to prove injury. *See id.* at 929; *In re R.R.*, 209 S.W.3d 112, 116 (Tex.2006). Stone Way argues that undue delay and injury are determined by whether the defendant has offered to reimburse the plaintiff for the costs incurred in obtaining the default judgment and by whether the de-

fendant is ready, willing, and able to go to trial. Stone Way contends Barnes did not address either of these factors. Barnes filed a pauper's affidavit with the addendum to her motion for new trial. Furthermore, a defendant's failure to offer reimbursement for costs or to state that the defendant is ready, willing, and able to go to trial, does not necessarily prevent a new trial. *See Angelo v. Champion Rest. Equip. Co.*, 713 S.W.2d 96, 98 (Tex.1986) ("These expenses are within the exclusive knowledge of the plaintiff and the plaintiff should make the court aware of them."); *Gen. Elec. Capital Auto Fin. Leasing Servs., Inc. v. Stanfield*, 71 S.W.3d 351, 356 (Tex.App.-Tyler 2001, pet. denied). Stone Way has not met its burden of prov-

ing undue delay or injury. It has not alleged a specific injury that would negate Barnes's claim of no undue delay or injury. *See Dolgencorp.*, 288 S.W.3d at 929.

Barnes satisfied the elements of the *Craddock* test. The trial court abused its discretion by denying the motion for new trial. We reverse the default judgment and remand the case to the trial court for a new trial.

REVERSED AND REMANDED.