**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00284-CV**
_____

**KELLY McCLANE, Appellant**

**V.**

**NEW CANEY OAKS APARTMENTS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Montgomery County, Texas**
**Trial Cause No. 13-27046-CV**

**OPINION**

Kelly McClane appeals a judgment in favor of New Caney Oaks Apartments in a forcible detainer suit. McClane is a tenant at New Caney Oaks, a federally-subsidized apartment complex, where she lives with her two children. She signed a one-year lease. McClane received a "7 Day Vacate Lease Termination Notice for Non-Payment of Rent."

New Caney Oaks filed its petition for eviction in the Montgomery County Justice Court, and requested $866 in rent and "all rents accruing through date of

judgment." The justice of the peace signed a default judgment against McClane for past rent. The judgment stated that she had five days to vacate the apartment or appeal the judgment. McClane filed her appeal the next day.

When an appeal from a justice court to a county court is perfected in a forcible detainer suit for nonpayment of rent, the county clerk dockets the cause, "and the trial shall be de novo." Tex. R. Civ. P. 751.[1] The justice court files the papers and the transcript of justice court proceedings, and any money in the justice court registry, with the clerk of the county court. *See id.* The county clerk then notifies the parties of the "date of receipt of the transcript and the docket number of the cause[,]" and notifies the defendant of the "necessity for filing a written answer in the county court when the defendant has pleaded orally in the justice court." *Id.*

The trial in county court at law was set for May 20, 2013, and then reset for May 21. A visiting judge called the case. The property manager identified herself as the person representing New Caney Oaks. McClane did not appear. Based on McClane's failure to appear, the court orally "dismiss[ed] the case for nonappearance."

---

[1] The former rules governed this case. The Texas Supreme Court subsequently adopted new Rules of Civil Procedure governing practice in justice courts.

According to McClane, she had called the court and explained that she could not be at court on May 21 because she had a medical appointment. McClane claims the person she spoke to informed her that a new notice with a different trial date would be mailed. McClane received a notice that trial would be held on June 14, 2013.

On that date, the case was again called for trial. McClane did not appear. No attorney appeared on behalf of New Caney Oaks. The property manager announced her presence, and stated on the record the amount of unpaid rent. That day the court signed a judgment granting possession of the property to New Caney Oaks. McClane was ordered to vacate the property within ten days, and to pay the rent the court calculated based on the property manager's presentation.

McClane asserts that on June 14 she searched for a parking space as she drove around the courthouse. Her health made it difficult for her to get to the courtroom, and she arrived after the trial had ended. With the assistance of counsel, she filed a motion for new trial, and later an amended motion. She argued that her failure to appear was not intentional but was an accident. She alleged that New Caney Oaks failed to comply with the lease terms, with section 24.005 of the Texas Property Code, and with federal housing regulations. Denying her motion, the trial court noted on the order that McClane had missed two trial settings.

McClane filed a second motion for new trial, which the trial court denied by written order. Included in the order are the following findings:

1. This Court finds that at the time of the first trial in this matter the judge did not have an order of appointment to sit for [the] County Court at Law Number Two;
2. This Court finds that the judge sitting at the time of the first trial dismissed the Defendant's appeal in favor of the original JP Court's judgment; and
3. This Court finds that new trial was granted on its own motion in the interest of justice to correct the situations detailed above.

McClane's motions for new trial were supported by exhibits and an affidavit.

MOOTNESS RESPONSE

New Caney Oaks argues the appeal is moot because McClane's lease term has expired. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (issue of possession in forcible detainer action). The lease has a hold-over provision, and McClane claims the notice to vacate was inadequate. *See Barnes v. Stone Way Ltd. P'ship*, 330 S.W.3d 925, 927-28 (Tex. App.—Beaumont 2011, no pet.). Unlike the tenant in *Marshall*, McClane has not vacated the apartment, and she has superseded the judgment. *See* Tex. Prop. Code Ann. § 24.007 (West Supp. 2012); Tex. R. App. P. 24.1; *see also Marshall*, 198 S.W.3d at 784. She claims a continuing right to possession. The issue of proper termination of the lease is disputed. The trial court ordered McClane to pay money damages, and McClane challenges the judgment. *See Barnes*, 330 S.W.3d at 926-

4

29; *see also Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 Tex. App. LEXIS 5453, at **5-7 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.) (Trial court ordered tenant to pay unpaid rent.). Because the parties' controversy continues and the case is not moot, we will address appellant's issues.

## THE FINAL JUDGMENT

McClane argues that the June 14 final judgment is a nullity, because a judgment dismissing the case was orally rendered on May 21 and no order reinstating the case was signed prior to June 14. The date an order or judgment is signed determines the beginning of the court's plenary power to grant a new trial or to vacate an order of dismissal. *See* Tex. R. Civ. P. 306a(1). The county court at law had jurisdiction over the matter until thirty days after a final written order disposed of the case. *See id.*; Tex. R. Civ. P. 329b(d). No written order of dismissal was signed after the first trial setting. No final order or judgment was signed until June 14. The trial court had jurisdiction over the matter at that time. *See* Tex. R. Civ. P. 306a, 329b. Issue one is overruled.

## THE AUTHORIZED REPRESENTATIVE

McClane maintains that the trial court erred in allowing New Caney Oaks, a corporation, to be represented by a non-attorney at trial. She argues that "[w]hen a non-attorney purports to represent a corporation in a legal proceeding, the non-

attorney's acts have no effect and are void." We understand this issue as including a challenge to the legal sufficiency of the proof at trial, because McClane argues we should treat the non-attorney's acts in this context as having no effect. *See* Tex. R. App. P. 33.1(d).

A forcible detainer action is governed by discrete provisions in the Texas Property Code and Rules of Civil Procedure. *See* Tex. Prop. Code Ann. §§ 24.001-.011 (West 2000 & Supp. 2012); Tex. R. Civ. P. 738-55. The action is intended to be a summary, speedy, and inexpensive remedy for resolving a dispute over "who is entitled to possession of the premises." *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). The only issue to be determined is the right to actual possession. Tex. R. Civ. P. 746. But a claim for rent may be brought with the action. Tex. R. Civ. P. 738.

Under the Rules and the Property Code, a party may be represented by an "authorized agent" in justice court in a forcible detainer suit "for non-payment of rent or holding over beyond the rental terms[.]" *See* Tex. R. Civ. P. 747a ("authorized agents"); *see also* Tex. R. Civ. P. 739 ("authorized agent"); Tex. Prop. Code Ann. § 24.011 (West 2000) ("authorized agents, who need not be attorneys"). The written sworn complaint must be filed by "the party aggrieved or his authorized agent[.]" *See* Tex. R. Civ. P. 739. The authorized agent must be an

individual, not a business entity. *See* Tex. Att'y Gen. Op. No. JM-451 (1986). The law anticipates that the business's authorized agent, if not a licensed attorney, will be a property manager or someone similarly involved with the property, so that the individual has knowledge sufficient to sign an oath that the allegations in the complaint are true. *See id*.; Tex. R. Civ. P. 739, 741. No written answer was filed in the justice court before the judgment, and the authority of the property manager to represent New Caney Oaks was not attacked by McClane in the justice court. *See generally Holloway v. Paul O. Simms Co.*, 32 S.W.2d 672, 673-74 (Tex. Civ. App.—Austin 1930, no writ) (affidavit sufficient "where no attack is made upon the authority of the agent" in justice court). We conclude the property manager was an authorized agent for the purpose of signing the sworn complaint.

In a forcible detainer action, Rule 753 provides that when no answer is filed in the justice court and no answer is filed within eight days after the transcript is filed in the county court at law, the allegations of the sworn complaint "may be taken as admitted[,]" and a default judgment may be signed. *See* Tex. R. Civ. P. 753. No trial is necessary unless the allegations are insufficient to support a judgment. *See Cunningham v. Anglin*, No. 05-10-01023-CV, 2011 Tex. App. LEXIS 6385, at \*\*5-6 (Tex. App.—Dallas Aug. 12, 2011, no pet.) (mem. op.).

Essentially, Rule 753 treats the sworn complaint filed in the justice court as the initial pleading in the county court at law.

New Caney Oaks argues that McClane was in default because she failed to file a written answer in the county court at law. The record does not include a notice from the clerk to McClane of the necessity for filing a written answer in the county court at law. *See* Tex. R. Civ. P. 751. McClane filed an affidavit of inability to pay costs and a request to appeal in the justice court. The Supreme Court has held that a "pauper's affidavit" in a forcible detainer case suffices as a pro se answer entitling a defendant to notice of a hearing. *See Hughes v. Habitat Apartments*, 860 S.W.2d 872, 872-73 (Tex. 1993); *see also Brown v. Apex Realty*, 349 S.W.3d 162 (Tex. App.—Dallas 2011, pet. denied) ("Both an appeal bond filed pursuant to rule 749 and a pauper's affidavit filed pursuant to rule 749a operate as an answer."). McClane's affidavit of inability to pay costs included a hand-written note explaining her medical difficulties, and also stating: "However I had the money that was owed. She told me to hold on to everything and not to bother coming to court, that it would end up costing me an extra fee if I came to court." We conclude the affidavit suffices as a written answer. *See Hughes*, 860 S.W.2d at 872-73.

Despite notice of the trial setting, McClane failed to appear at trial. But a post-answer "default" is not an abandonment of the answer, nor is it an admission of any of the issues controverted by the answer. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). New Caney Oaks was required to offer evidence to prove the case as in a judgment upon a trial. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009); *Bradley Motors, Inc. v. Mackey*, 878 S.W.2d 140, 141 (Tex. 1994).

The property manager could not represent the corporation at the trial in the county court at law. *See L'Arte de la Mode, Inc. v. Nieman Marcus Grp.*, 395 S.W.3d 291, 295 (Tex. App.—Dallas 2013, no pet.) ("The representative could not have . . . presented a case[.]"); *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). A corporation is not authorized to practice law. *Unauthorized Practice of Law Comm. v. Am. Home Assurance Co.*, 261 S.W.3d 24, 33 (Tex. 2008). The Supreme Court explained:

> [T]he Court has exclusive authority to adopt rules governing admission to the practice of law in Texas. Those rules permit only individuals meeting specified qualifications to practice law. Entities . . . are excluded.

*Id.* (footnotes omitted). And although Texas Rule of Civil Procedure 7 provides that "[a]ny party to a suit may appear and prosecute or defend his rights therein, either in person or by an attorney of the court[,]" the Rule does not permit a

9

corporation to appear through an agent who is not a licensed attorney. *See Dell Dev. Corp. v. Best Indus. Unif. Supply Co.*, 743 S.W.2d 302, 303 (Tex. App.—Houston [14th Dist.] 1987, writ denied); *see also Elec. Data Sys. Corp. v. Tyson*, 862 S.W.2d 728, 737 (Tex. App.—Dallas 1993) (orig. proceeding) ("[O]nly a licensed attorney can appear and represent a corporation.").

The Property Code includes a provision permitting, under certain circumstances, a party to "be represented by their authorized agents, who need not be attorneys[,]" in a county court hearing based on a sworn motion that a tenant failed to pay rent ordered by the justice court to be paid during the appeal of the eviction. *See* Tex. Prop. Code Ann. § 24.0054(a-4),(e) (West Supp. 2012); *see also* Tex. Prop. Code Ann. § 24.0053 (West Supp. 2012). But the justice court's judgment in this case did not provide for a monthly amount of rent to be paid during the pendency of the appeal, a requirement of section 24.0053(a). And even had the justice court's judgment contained the required payment information, New Caney Oaks did not file a sworn motion in the county court at law "that the tenant failed to pay rent as required." *See* Tex. Prop. Code Ann. § 24.0054(a-4). New Caney Oaks did not follow the procedures outlined in sections 24.0053 and 24.0054 of the Texas Property Code. *See also* Tex. R. Civ. P. 749b(3) (writ of restitution). Instead, New Caney Oaks sought and obtained a judgment against

10

McClane that was based on the sworn complaint filed in justice court by the property manager and on the presentation of the case by the property manager at trial in the county court at law.

Although, as the Supreme Court has explained, "[g]enerally a corporation may be represented only by a licensed attorney[,]" whether a non-lawyer's act for the corporation nevertheless may be given effect depends on whether the act is like "the specific ministerial task of depositing cash with a clerk in lieu of a cost bond" that the Supreme Court gave effect in *Kunstoplast*. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, 937 S.W.2d 455, 456 (Tex. 1996); *compare L'Arte de la Mode, Inc.*, 395 S.W.3d at 295 (The non-attorney corporate representative could not have objected to evidence, cross-examined witnesses, presented a case, or presented argument to the trier of fact.); *Kelly v. Hinson*, 387 S.W.3d 906, 912 (Tex. App.—Fort Worth 2012, pet. denied); *Computize, Inc. v. NHS Commc'ns Grp., Inc.*, 992 S.W.2d 608, 612-13 (Tex. App.—Texarkana 1999, no pet.). The presentation of a claim at trial is not, however, a mere ministerial act. *See L'Arte de la Mode, Inc.*, 395 S.W.3d at 295; *Computize, Inc.,* 992 S.W.2d at 612 ("[A] response to a motion for summary judgment is not a ministerial act."). If a court gives any effect to the property manager's presentation, the unlicensed practice of law would be permitted. And evidence is legally insufficient when the court is

11

barred by rules of law from giving weight to the only evidence offered to prove a vital fact. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004). We hold that the property manager's presentation of the claim in the county court of law had no legal effect. That is, her testimony under the circumstances is legally insufficient evidence to support the judgment. On this record, therefore, the county court at law's judgment cannot be sustained.

Normally, an appellate court renders judgment when the evidence is legally insufficient to support the trial court's judgment following a trial on the merits. *See Guevara v. Ferrer*, 247 S.W.3d 662, 670 (Tex. 2007). In this case though, the trial court entered a judgment on the pleadings when neither party properly appeared. *See Custom-Crete, Inc.*, 82 S.W.3d at 659 (The non-attorney representative's presence does not amount to an appearance at trial by the corporation.). The case has not been fully developed. *See Dolgencorp*, 288 S.W.3d at 930. In *Dolgencorp,* the Supreme Court explained that the appropriate remedy is a new trial when there is legally insufficient evidence to support a post-answer default judgment. *Id*. A new trial is required here. Appellant's issue two is sustained.

### *CRADDOCK*

McClane argues she is entitled to a new trial under the standard in *Craddock v. Sunshine Bus Lines, Inc*., 133 S.W.2d 124, 126 (Tex. 1939); *see also Ivy v.*

*Carrell*, 407 S.W.2d 212, 213-14 (Tex. 1966). She argues her failure to appear at trial was not intentional or the result of conscious indifference, but was the result of an accident or mistake. McClane provided an affidavit explaining her physical condition and why she was eight minutes late for the trial setting. She was impaired by the side-effects of chemotherapy. New Caney Oaks did not controvert her proof. *See Barnes*, 330 S.W.3d at 928. McClane also argues that she did not receive adequate notice of termination, and that New Caney Oaks failed to comply with the lease requirements to terminate the tenancy. *See Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 498 (Tex. App—Houston [14th Dist.] 2006, no pet.) (Section 24.005 provides that if a lease contains a provision granting an opportunity to respond, a notice to vacate may not be given until that period has expired.). Finally, she notes that New Caney Oaks did not contest the assertion in her motion for new trial that a new trial would not injure New Caney Oaks. *See Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex. 1987). Because her argument under *Craddock* would not result in greater relief than the new trial afforded by our resolution of issue two, however, we need not address appellant's issue three.

The trial court's judgment is reversed. The cause is remanded for a new trial.

13

REVERSED AND REMANDED.

                                 _____

                                       DAVID GAULTNEY
                                          Justice

Submitted on September 13, 2013
Delivered on October 31, 2013

Before Gaultney, Kreger, and Horton, JJ.