Opinion issued November 14, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00854-CV

_____

**CYNTHIA F. WILLIAMS, Appellant**

**V.**

**ORCA REALTY, LLC, Appellee**

---

**On Appeal from the County Court at Law No. 1**
**Fort Bend County, Texas**
**Trial Court Case No. 23-CCV-073041**

---

## MEMORANDUM OPINION

This appeal arises from a forcible detainer action initiated in Justice Court by Orca Realty, LLC against Cynthia F. Williams. The Justice Court granted Williams' plea to the jurisdiction and dismissed the case. Orca Realty appealed to

the County Court. After a *de novo* trial, the County Court awarded Orca Realty possession of the property and attorneys' fees.

In four issues, William argues (1) the County Court's orders lack factual and legal sufficiency; (2) her plea to the jurisdiction should have been granted; (3) the County Court erred in failing to grant her motion for new trial; and (4) the County Court erred in failing to grant additional findings of fact and conclusions of law. Orca Realty responds that because Williams is no longer in possession of the property and she has not asserted a potentially meritorious claim of right to current, actual possession, the appeal is moot and must be dismissed.[1] We agree.

We dismiss and vacate in part and affirm in part.

## Background

The background facts in the appellate record and the briefs are sparse.

In 2004, Cynthia F. Williams and her ex-husband sold the property at 5651 Condon Lane in Houston, Texas ("Property") to William and Shirley Brewster.[2] On April 28, 2022, William Brewster sold the Property to Legacy Vested Interests LLC. The Property was foreclosed upon and sold to Judy Chen on April 4, 2023. Williams was still occupying the Property when the foreclosure sale occurred.

---

[1]    Williams did not file a reply brief or otherwise address Orca Realty's mootness argument.

[2]    The record includes a pleading from a lawsuit Williams filed in state district court, in which she alleged she sold the Property to the Brewsters with the understanding that she "could stay in the property and pay the property off and receive the deed back from the defendant when the property was paid off."

Chen later sold the property to Orca Realty, LLC on May 1, 2023. Orca Realty on behalf of Chen sent a Notice to Vacate to Legacy Vested Interests LLC and/or Any Current Occupant(s) of 5651 Condon Lane, Houston, Texas 77053.

In May 2023, Orca Realty filed a forcible detainer action in Justice Court against Williams[3] in connection with the Property. Williams filed an original answer and plea to the jurisdiction. The Justice Court granted Williams' plea to the jurisdiction and dismissed the case.

Orca Realty appealed to the County Court who heard the case *de novo*. The County Court signed a final judgment on August 22, 2023 holding it had jurisdiction over the matter and awarding possession of the Property to Orca Realty. The County Court set a supersedeas bond in the amount of $24,000, which according to Orca Realty, Williams did not file or post.[4] The County Court also awarded Orca Realty $2,500 in reasonable and necessary attorneys' fees, costs of court, and post judgment interest.

Orca Realty requested and obtained a writ of possession for the Property as to Legacy Vested Interests, Williams, and/or All Occupants. On October 24, 2023, the Fort Bend County constable tried to execute the writ of possession as to Legacy

---

[3] Williams was not individually named in the forcible detainer action. The defendants were identified as Legacy Vested Interests LLC and All Current Occupants. Williams does not dispute that she lived at the Property when the forcible detainer action was filed.

[4] The record does not indicate that a supersedeas bond was filed or posted.

3

Vested Interests LLC and failed to do so with the following notation: "Writ forfeited. Plaintiff gained possession of the property prior to the deputies['] arrival."

Williams timely filed a motion for new trial, which the County Court denied by written order on October 16, 2023. This appeal ensued.

## Standard of Review and Applicable Law

Justice courts have jurisdiction over forcible detainer actions. TEX. PROP. CODE 24.004(a). Appeals from the Justice Court's judgment in a forcible detainer action are tried *de novo* in the County Court. TEX. R. CIV. P. 510.10(c). "[W]here a county court hears an appeal from a justice court on a forcible detainer action, it is constrained to reviewing only the issue of possession, not title." *Murray v. U.S. Bank Nat'l Ass'n*, 411 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.); *see also Trujillo v. Shafaii Invs., Ltd.*, No. 01-22-00819-CV, 2024 WL 2001612, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2024, no pet. h.) (mem. op.) ("A justice court has no jurisdiction to decide title to property, nor does a county court reviewing a justice court's forcible detainer judgment in an appellate capacity.") (citing TEX. R. CIV. P. 510.3(e)).

## Forcible Detainer

As a threshold matter, we must consider whether the issue of possession has become moot depriving this Court of subject-matter jurisdiction over the appeal.

4

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 22 (Tex. 2004).

If a defendant in a forcible entry and detainer action fails to file a supersedeas bond following an adverse judgment, the judgment "may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Strange v. Deutsche Bank Nat'l Tr. Co., as Tr. for Registered Holders of Long Beach Mortgage Loan Tr. 2004-4, Asset-Backed Certificates, Series 2004-4*, No. 01-23-00575-CV, 2024 WL 1862860, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet. h.) (mem. op.) (quoting *Richardson v. Daka Invs., LLC*, No. 02-20-00360-CV, 2021 WL 4621762, at *1 (Tex. App.—Fort Worth Oct. 7, 2021, no pet.) (mem. op.)). When a defendant is evicted from the property, an appeal from a forcible entry and detainer action becomes moot. *Strange*, 2024 WL 1862860, at *2, 5 (holding that after eviction, appeal was moot and dismissal was warranted because appellate court lacked jurisdiction); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) ("When possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes

moot.") (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

An evicted appellant may still pursue an appeal, however, if she advances "a potentially meritorious claim of right to current, actual possession of the property." *Strange*, 2024 WL 1862860, at *4; *see also Marshall*, 198 S.W.3d at 787 (in forcible detainer action, appellant's giving up possession of premises "did not moot [appellant's] appeal so long as appellate relief was not futile; that is, so long as [appellant] held and asserted a potentially meritorious claim of right to current, actual possession" of premises); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *3 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("If the evicted party claiming possession has a potentially meritorious claim to possess the residential premises, [] displacement by eviction does not render the appeal moot."); *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) ("When . . . the appellant is no longer in possession of the subject property, the appeal from the forcible-detainer action becomes moot unless the appellant holds and asserts 'a potentially meritorious claim of right to current, actual possession' of the property.") (citing *Marshall*, 198 S.W.3d at 787).

**Meritorious Defense**

Because Williams is no longer in possession of the Property, we must dismiss the case for lack of jurisdiction unless she has asserted a potentially meritorious claim of right to current, actual possession of the Property. *See Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at *2 (Tex. App.—Fort Worth Jan. 18, 2024, pet. denied) (mem. op.) ("Because [appellant] no longer has possession of the property, her appeal is moot, and we have no jurisdiction over her appeal.").[5] A meritorious defense can be established only when a potential right to possession is established. *See, e.g., Barnes v. Stone Way Ltd. P'ship*, 330 S.W.3d 925, 929 (Tex. App.—Beaumont 2011, no pet.) (holding meritorious defense established by appellant's allegations that apartment owner violated lease, as well as state and federal law, including federal regulation that forbids owner from terminating or refusing to renew lease of housing procured with government-subsidized funds, with certain exceptions, and by retaliating against her, the latter of which is "an absolute defense" to eviction suit); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding meritorious defense established when tenant had

---

[5] A forcible detainer judgment "is a final determination only 'of the right to immediate possession;' it is not 'a final determination of whether the eviction is wrongful' or whether the tenant's continued possession was a trespass." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

basis for claiming current right to possession, given Department of Housing and Urban Development lease requirement that landlord show good cause to terminate lease, and landlord did not present evidence of good cause).

Williams has not advanced a meritorious defense to Orca Realty's claim of right to current, actual possession of the Property. In the argument section of her brief, Williams states only that the lower court "did not properly engage in the interplay with the facts of the case and with the established factors for cases involving title disputes in eviction cases," and that the court "did not take into consideration the severity of the Appellee's inability to establish any basis for the forcible entry and detainer for which Ms. Williams executed." She adds that the court's "failure to grant [her] plea to the jurisdiction[6] was detrimental on the issue of title and its interwovenness with possession."

---

[6] Williams argued in her plea to the jurisdiction, first filed in Justice Court, that the court lacked jurisdiction because a separate district court case involving the same Property was pending. In that separate case, Williams sued William Brewster alleging claims for breach of contract, promissory estoppel, breach of fiduciary duty, fraud, and intentional infliction of emotional distress. The Justice Court granted Williams' plea to the jurisdiction and dismissed the case, but on appeal, the County Court held it had jurisdiction over the appeal. *See Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558–59 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (holding county court had jurisdiction over forcible detainer action even though suit between same parties regarding title of same property was pending in district court); *Modelist v. Deutsche Bank Nat'l Tr. Co.*, No. 14-09-00134-CV, 2010 WL 3002099, at *3 (Tex. App.—Houston [14th Dist.] Aug. 3, 2010, pet. dism'd w.o.j.) (mem. op.) ("A forcible-detainer action may run concurrently with a suit in another court even if the other suit involves adjudication of matters that could result in a different determination of possession from the decision rendered in the forcible-detainer action.").

Williams does not explain the basis for her arguments or further clarify her points. She also does not cite any authorities to support her arguments, nor does she cite to the record. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the record."); *see also Reynoso v. Dibs US, Inc.*, 541 S.W.3d 331, 344 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (holding some of appellant's arguments were waived because briefing rules "require the appellant to put forth some specific argument and analysis showing that the record and law supports the appellant's contentions.").[7]

In any event, none of Williams' arguments raise a meritorious defense to Orca Realty's right to current, actual possession of the Property.

Because Williams was evicted from the Property and she has not advanced a meritorious defense to Orca Realty's right to current, actual possession to the Property, her appeal from the trial court's judgment of possession is moot. *See Setzer v. Branch Banking & Tr. Co.*, No. 03-12-00064-CV, 2013 WL 6805593, at *1 (Tex. App.—Austin Dec. 20, 2013, no pet.) (mem. op.) (holding forcible

---

[7] In her statement of facts, Williams states, "There was no contract or deed of trust between Ms. Williams and Mr. Brewster, so there was none between Legacy or Orca." But she does not revisit that assertion in her argument section, nor does she discuss the basis of her contentions or otherwise cite to the record or to any authorities for support.

detainer appeal was moot when premises were vacated prior to execution of writ of possession and appellant did not respond to appellee's mootness argument).

Because the issue of possession is moot, we must dismiss the appeal and vacate the lower court's judgment of possession. *See Marshall*, 198 S.W.3d at 785 (holding that when appeal of forcible detainer action becomes moot, proper course is to dismiss appeal and vacate lower court's judgment of possession); *see also Tex. Dep't of Family & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) (noting "courts lack subject-matter jurisdiction to decide a moot controversy"); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.").

### Attorneys' Fees

Although the issue of possession is moot, the County Court's judgment also awarded Orca Realty $2,500 in reasonable and necessary attorneys' fees, costs of court, and post judgment interest. A dispute over attorney's fees is a live controversy that may prevent an entire case from becoming moot. *See In re Kellogg Brown & Root*, 166 S.W.3d at 737 (stating that entire case "is not rendered moot simply because some of the issues become moot during the appellate process"); *see also Daftary v. Prestonwood Market Square, Ltd.*, 399 S.W.3d 708, 711–12 (Tex. App.—Dallas 2013, pet. denied) (holding that even though issue of

possession became moot when appellant vacated property, entire case was not moot because claims for damages and attorneys' fees "continued to present live controversies").

Williams does not challenge or otherwise address the award of attorneys' fees on appeal. We thus affirm the portion of the court's judgment awarding Orca Realty $2,500 in reasonable and necessary attorneys' fees, costs of court, and post judgment interest. *See Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *2, 3 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.) (vacating lower court's judgment of possession after concluding issue of possession had become moot but reviewing appellant's challenge to lower court's order of sanctions and affirming that portion of judgment).

## Conclusion

We dismiss and vacate in part and affirm in part. Because the issue of possession is moot, we vacate the County Court's judgment of possession and dismiss that portion of the appeal. We affirm the County Court's judgment in all other respects.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.