**Opinion issued November 14, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00354-CV

———————————

**ANTHONY WHITEHURST, Appellant**

**V.**

**HUDSON SFR PROPERTY HOLDINGS II, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1200472**

---

## MEMORANDUM OPINION

This appeal involves a forcible detainer action initiated in Justice Court by

Hudson SFR Property Holdings II, LLC against Anthony Whitehurst. The Justice

Court rendered judgment in favor of Hudson, and Whitehurst appealed to the

County Court. After a *de novo* bench trial, the County Court awarded Hudson possession of the property at issue. Whitehurst now appeals *pro se*.

Pursuant to a writ of possession, Whitehurst and his personal items were removed from the property on September 21, 2023, and Hudson took possession of the property on that date. We thus conclude the appeal is moot. We dismiss the appeal and vacate the County Court's judgment of possession.

**Background**

Appellee Hudson SFR Property Holdings II, LLC acquired the property located at 4906 Echo Falls Drive, Kingwood, Texas 77345 ("Property") by general warranty deed dated July 13, 2021. The deed was recorded in the Harris County real property records on July 14, 2021.

On September 15, 2022, Hudson sent notices to vacate via First Class Mail and Certified Mail to John Doe, Jane Doe, and all other occupants of the Property advising that they were required to vacate the Property within three days of the delivery of the notices. Whitehurst, who was living at the Property, refused to vacate.

In September 2022, Hudson sued John Doe and Jane Doe, and All Other Occupants of the Property in a forcible entry and detainer action in Justice Court. The Justice Court entered judgment in favor of Hudson, and Whitehurst appealed to Harris County Court at Law No. 3.

On May 1, 2023, following a bench trial, the County Court entered judgment in Hudson's favor for possession of the Property and it set a supersedeas bond in the amount of $13,000. Whitehurst did not file or post the supersedeas bond.

On June 13, 2023, during a hearing before the County Court, Whitehurst argued that the court lacked subject matter jurisdiction over the appeal because a prior eviction judgment, involving the same Property, but different parties, had been stayed pending Whitehurst's appeal of that judgment to this Court.[1] Arguing the pending appeal divested the County Court of subject matter jurisdiction, he requested dismissal of Hudson's appeal.

On June 23, 2023, the trial court issued an order holding that the issue of possession was under appeal covered by a supersedeas bond and it dismissed

---

[1] Whitehurst lived on the Property with its former owner, Sybil Thomas, with whom Whitehurst had a romantic relationship. Thomas allowed Whitehurst to live on the Property, but did not require him to sign a lease or pay rent. When the relationship between Thomas and Whitehurst ended and Whitehurst refused to move out, Thomas filed a forcible detainer action against Whitehurst. After Thomas prevailed, Whitehurst superseded the judgment and appealed the judgment to this Court. *See Whitehurst v. Thomas*, No. 01-21-00309-CV, 2023 WL 1786160, at *1 (Tex. App.—Houston [1st Dist.] Feb. 7, 2023, no pet.) (mem. op.) (*Whitehurst I*). During the pendency of the appeal, Thomas sold the Property to Hudson. We thus held in *Whitehurst I* that the portion of the appeal relating to possession of the Property was moot because Thomas "no longer own[ed] the Property" and thus "ha[d] no remaining interest or right to the Property." *Id.* at *2–3. We reversed the portion of the judgment awarding Thomas attorneys' fees, and we dismissed the remainder of the appeal relating to possession for lack of jurisdiction, vacating that portion of the County Court's judgment. *Id.* at *5. In the interim, Hudson commenced a forcible detainer action against Whitehurst, giving rise to the present appeal.

3

Hudson's appeal for lack of subject matter jurisdiction. A few days later, Hudson filed a motion to reconsider explaining that Whitehurst's separate appeal to this Court had been finally adjudicated on February 7, 2023, and thus the court had abused its discretion in dismissing its forcible detainer suit. The County Court granted Hudson's motion to reconsider, vacating its prior order of dismissal and reinstating its May 1, 2023 judgment for possession of the Property.

Hudson later applied for and was granted a writ of possession for the Property. According to Hudson, Whitehurst and his personal items were removed from the Property on September 21, 2023, and Hudson took possession of the Property on that date.[2] This appeal ensued.

In three issues, Whitehurst argues (1) the County Court lacked subject matter jurisdiction over Hudson's forcible detainer suit because there was a pending appellate case involving the same property, and the eviction notice had not been affixed properly to the outside door of the Property, (2) the County Court abused its discretion and violated the United States Constitution by not requiring the eviction notice to be placed properly on the door of the Property, and (3) the County Court retained "Plenary Power and Authority" to rule on his motion to modify the supersedeas bond and to determine his pleas to the jurisdiction and it erred in not doing so.

---

[2] Whitehurst does not dispute these facts.

4

Hudson responds that because Whitehurst has been evicted from the Property, the issue of possession is no longer at issue and Whitehurst's appeal is moot. We agree.

**Standard of Review and Applicable Law**

Justice courts have jurisdiction over forcible detainer actions. TEX. PROP. CODE § 24.004(a). Appeals from a Justice Court's judgment in a forcible detainer action are tried *de novo* in the County Court. TEX. R. CIV. P. 510.10(c). "[W]here a county court hears an appeal from a justice court on a forcible detainer action, it is constrained to reviewing only the issue of possession, not title." *Murray v. U.S. Bank Nat'l Ass'n*, 411 S.W.3d 926, 929 (Tex. App.—El Paso 2013, no pet.); *see also Trujillo v. Shafaii Invs., Ltd.*, No. 01-22-00819-CV, 2024 WL 2001612, at *2 (Tex. App.—Houston [1st Dist.] May 7, 2024, no pet. h.) (mem. op.) ("A justice court has no jurisdiction to decide title to property, nor does a county court reviewing a justice court's forcible detainer judgment in an appellate capacity.") (citing TEX. R. CIV. P. 510.3(e)).[3]

---

[3] We do not have jurisdiction to review complaints about the justice court's judgment. *Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 WL 2234607, at *1 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (mem. op.); *see also Gioffredi v. Retreat at Riverstone*, No. 01-21-00627-CV, 2022 WL 17981570, at *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.) (holding after county court's de novo review of justice court's judgment, "[a]ny non-jurisdictional errors or irregularities in the Justice Court became a nullity, and any challenge based on such errors or irregularities is moot").

.

5

**Forcible Detainer**

As a threshold matter, we must consider whether the issue of possession has become moot, depriving this Court of subject-matter jurisdiction over the appeal. "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). "Whether a court has subject matter jurisdiction is a question of law." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

If a defendant in a forcible entry and detainer action fails to file a supersedeas bond following an adverse judgment, the judgment "may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Strange v. Deutsche Bank Nat'l Tr. Co., as Tr. for Registered Holders of Long Beach Mortgage Loan Tr. 2004-4, Asset-Backed Certificates, Series 2004-4*, No. 01-23-00575-CV, 2024 WL 1862860, at *2 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet. h.) (mem. op.) (quoting *Richardson v. Daka Invs., LLC*, No. 02-20-00360-CV, 2021 WL 4621762, at *1 (Tex. App.—Fort Worth Oct. 7, 2021, no pet.) (mem. op.)). When a defendant is evicted from the property, an appeal from a forcible detainer action becomes moot. *Strange*, 2024 WL 1862860, at *2, 5 (holding that after eviction, appeal was moot and dismissal was warranted because appellate court lacked jurisdiction); *Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at *2 (Tex. App.—Fort Worth Jan. 18,

2024, pet. denied) (mem. op.) ("Because [appellant] no longer has possession of the property, her appeal is moot, and we have no jurisdiction over her appeal."); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) ("When possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes moot.") (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

An evicted appellant may still pursue an appeal, however, if he advances "a potentially meritorious claim of right to current, actual possession of the property." *Strange*, 2024 WL 1862860, at *4; *see also Marshall*, 198 S.W.3d at 787 (in forcible detainer action, appellant's giving up possession of premises "did not moot [appellant's] appeal so long as appellate relief was not futile; that is, so long as [appellant] held and asserted a potentially meritorious claim of right to current, actual possession" of premises); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *3 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("If the evicted party claiming possession has a potentially meritorious claim to possess the residential premises, [] displacement by eviction does not render the appeal moot."); *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) ("When . . . the appellant is no longer in

possession of the subject property, the appeal from the forcible-detainer action becomes moot unless the appellant holds and asserts 'a potentially meritorious claim of right to current, actual possession' of the property.") (citing *Marshall*, 198 S.W.3d at 787.[4]

## Meritorious Defense

Because Whitehurst has been evicted from the Property, we must dismiss his appeal for lack of jurisdiction unless he has asserted a potentially meritorious claim of right to current, actual possession of the Property. *See Marshall*, 198 S.W.3d at 787; *Gallien*, 2008 WL 4670465, at *3.[5] A meritorious defense can be established only when a potential right to possession is established. *See, e.g., Barnes v. Stone Way Ltd. P'ship*, 330 S.W.3d 925, 929 (Tex. App.—Beaumont 2011, no pet.) (holding meritorious defense established by appellant's allegations that apartment owner violated lease, as well as state and federal law, including federal regulation

---

[4] Alternatively, an evicted appellant's appeal from a forcible entry and detainer action is not moot if "damages or attorney's fees remain at issue." *Strange v. Deutsche Bank Nat'l Tr. Co., as Tr. for Registered Holders of Long Beach Mortgage Loan Tr. 2004-4, Asset-Backed Certificates, Series 2004-4*, No. 01-23-00575-CV, 2024 WL 1862860, at *2–3 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet. h.) (mem. op.) (citing *Richardson v. Daka Investments, LLC*, No. 02-20-00360-CV, 2021 WL 4621762, at *1 (Tex. App.—Fort Worth Oct. 7, 2021, no pet.) (mem. op.)).

[5] A forcible detainer judgment "is a final determination only 'of the right to immediate possession;' it is not 'a final determination of whether the eviction is wrongful' or whether the tenant's continued possession was a trespass." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

that forbids owner from terminating or refusing to renew lease of housing procured with government-subsidized funds, with certain exceptions, and by retaliating against her, the latter of which is "an absolute defense" to eviction suit); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding meritorious defense established when tenant had basis for claiming current right to possession, given Department of Housing and Urban Development lease requirement that landlord show good cause to terminate lease, and landlord did not present evidence of good cause).

Whitehurst has not advanced a meritorious defense to Hudson's forcible detainer claim by challenging Hudson's ownership or right to possession of the Property.[6] Whitehurst only argues in defense to Hudson's forcible detainer action that he did not receive the requisite notice to vacate the Property before suit was filed. *See* TEX. PROP. CODE § 24.005. But that is not a meritorious defense that defeats mootness in a forcible detainer action. *See Briones v. Brazos Bend Villa*

---

[6] Indeed, the County Court found during the trial that Whitehurst did not challenge the sale of the Property to Hudson, stating, "So what the Court is finding is there's no challenge here to the sale." The County Court told Whitehurst:

> I think they've proven that [Hudson is] more entitled to possess the property than you are. I was looking for some evidence from you that your right to possess the property trumps [Hudson's] right to process [sic] the property. You don't have that evidence, do you, or do you?"

Whitehurst responded, "My position is that the only thing I received was this was [sic] taped on the door." It is unclear to which document Whitehurst was referring.

9

*Apartments*, 438 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (holding allegation that landlord did not provide statutory notice to vacate was not basis for claiming right to current possession where tenant's lease was expired, noting "complaint about lack of the statutory notice became moot as to the possession issue once [tenant] vacated").

To the extent Whitehurst argues that the County Court lacked jurisdiction over Hudson's appeal because there was a separate appeal involving the same Property pending in this Court (*Whitehurst I*), and that such argument is a meritorious defense to Hudson's right of possession, he is incorrect. Our decision in *Whitehurst I* stemmed from a separate forcible detainer action initiated by another party, Sybil Thomas, against Whitehurst involving the same Property. During the pendency of the appeal, Thomas sold the Property to Hudson thus mooting the issue of possession in that case. *See Whitehurst v. Thomas*, No. 01-21-00309-CV, 2023 WL 1786160, at *2 (Tex. App.—Houston [1st Dist.] Feb. 7, 2023, no pet.) (mem. op.) (holding portion of the appeal that related to possession was moot because Thomas sold the property to Hudson and thus Thomas "no longer own[ed] the Property" and "ha[d] no remaining interest or right to the Property"). Our decision in *Whitehurst I* had no bearing on Hudson's right to bring a forcible detainer action against Whitehurst or its right to possession of the Property. Whitehurst's reference to *Whitehurst I* is thus not a meritorious defense

that may defeat mootness in this case. *See generally Fed. Home Loan Mortg. Corp. v. Pham*, 449 S.W.3d 230, 235–36 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[A] new and independent cause of action for forcible detainer arises each time a person refuses to surrender possession of real property after a person entitled to possession of the property delivers a proper written notice to vacate."); *Massaad v. Wells Fargo Bank, Nat'l Ass'n*, No. 03-14-00202-CV, 2015 WL 410514, at \*1 (Tex. App.—Austin Jan. 30, 2015, no pet.) (mem. op.) ("Each refusal to surrender possession of real property on written demand for possession constitutes a new forcible detainer.").

Because Whitehurst was evicted from the Property and he has not advanced a meritorious defense to Hudson's ownership or right to possession of the Property, his appeal from the County Court's judgment of possession is moot. Because the issue of possession is moot, we must dismiss the appeal and vacate the County Court's judgment of possession. *See Marshall*, 198 S.W.3d at 785 (holding that when appeal of forcible detainer action becomes moot, the proper course is to dismiss the appeal and vacate the lower court's judgment of possession); *see also Tex. Dep't of Family & Protective Servs. v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022) (noting "courts lack subject-matter jurisdiction to decide a moot controversy"); *In re Kellogg Brown & Root, Inc.,* 166 S.W.3d 732, 737 (Tex. 2005) (orig.

11

proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal.").

## Conclusion

We grant Hudson's motion to dismiss. We vacate the County Court's judgment of possession and dismiss the appeal.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Kelly, Landau, and Rivas-Molloy.