**Opinion issued April 30, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00949-CV

———————————

**ERNEST PEDRO ROMERO, Appellant**

**V.**

**ASIF MAHMOOD, Appellee**

On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Case No. 1261633

## MEMORANDUM OPINION

This appeal arises from a forcible detainer action initiated in Justice Court by Appellee Asif Mahmood against Appellant Ernest Pedro Romero. The Justice Court entered a final judgment in favor of Mahmood and Romero appealed to County

Court. After a *de novo* bench trial, the County Court awarded Mahmood possession of the subject property.

Romero, pro se, filed a notice of appeal challenging the County Court's final judgment of possession. Mahmood argues the appeal should be dismissed because there is no longer a justiciable controversy between the parties. Romero vacated the subject property and Mahmood has regained possession. The appeal is thus moot.

We dismiss the appeal for lack of jurisdiction.

**Forcible Detainer Action**

As a threshold matter, we must consider whether the issue of possession has become moot and whether we have subject matter jurisdiction over the appeal. *Strange v. Deutsche Bank Nat'l Tr. Co. as Tr. for Registered Holders of Long Beach Mortg. Loan Tr. 2004-4, Asset-Backed Certificates, Series 2004-4*, No. 01-23-00575-CV, 2024 WL 1862860, at *3 (Tex. App.—Houston [1st Dist.] Apr. 30, 2024, no pet.) (mem. op.) (stating appellate courts "lack subject matter jurisdiction to decide a moot controversy").

If a defendant in a forcible entry and detainer action does not file a supersedeas bond following an adverse judgment, the judgment "may be enforced and a writ of possession may be executed, evicting the defendant from the property." *Id.* at *2 (quoting *Richardson v. Daka Investments, LLC*, No. 02-20-00360-CV, 2021 WL 4621762, at *1 (Tex. App.—Fort Worth Oct. 7, 2021, no pet.) (mem. op.)). After

eviction, an appeal from a forcible entry and detainer action becomes moot. *Id.* at *2, 5 (holding after eviction, appeal was moot and dismissal was warranted because appellate court lacked jurisdiction); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *1 (Tex. App.—San Antonio Nov. 7, 2007, no pet.) (mem. op.) ("When possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes moot.") (citing *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

An evicted appellant, however, may still pursue an appeal if he advances "a potentially meritorious claim of right to current, actual possession of the property." *Strange*, 2024 WL 1862860, at *4; *see also Marshall*, 198 S.W.3d at 787 (holding that appellant giving up possession of premises did not moot appellant's appeal in forcible detainer action "so long as appellate relief was not futile; that is, so long as [appellant] held and asserted a potentially meritorious claim of right to current, actual possession" of premises); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *3 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.) ("If the evicted party claiming possession has a potentially meritorious claim to possess the residential premises, [] displacement by eviction does not render the appeal moot.").

**Motion to Dismiss**

In his motion to dismiss, Mahmood explains that following entry of final judgment, he requested a writ of possession. The writ of possession was executed, and Romero was removed from the property. In response to Mahmood's motion to dismiss, Romero does not dispute that he is no longer in possession of the property. We must thus dismiss the appeal for lack of jurisdiction unless he has asserted a potentially meritorious claim of right to current, actual possession of the property. *See Holloway v. Revelstoke Venture, LLC*, No. 02-23-00375-CV, 2024 WL 191221, at *2 (Tex. App.—Fort Worth Jan. 18, 2024, pet. denied) (mem. op.) ("Because [appellant] no longer has possession of the property, h[is] appeal is moot, and we have no jurisdiction over h[is] appeal.").[1]

A meritorious defense can be established only when a potential right to possession is established. *See, e.g., Barnes v. Stone Way Ltd. P'ship*, 330 S.W.3d 925, 929 (Tex. App.—Beaumont 2011, no pet.) (holding meritorious defense established by appellant's allegations that apartment owner violated lease, as well as state and federal law, including federal regulation that forbids owner from

---

[1]    A forcible detainer judgment "is a final determination only 'of the right to immediate possession;' it is not 'a final determination of whether the eviction is wrongful' or whether the tenant's continued possession was a trespass." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (citing and quoting *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006)).

terminating or refusing to renew lease of housing procured with government-subsidized funds, with certain exceptions, and by retaliating against her, the latter of which is "an absolute defense" to eviction suit); *Kennedy v. Andover Place Apartments*, 203 S.W.3d 495, 497 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding meritorious defense established when tenant had basis for claiming current right to possession because landlord was required to show good cause to terminate lease, and landlord did not present evidence of good cause).

Romero does not advance a meritorious claim of right to current, actual possession of the property. Romero contends that there are "[c]ollateral legal consequences arising from the judgment preserv[ing] a live controversy between the parties," but he does not identify any such consequences, nor does he cite any authorities to support his argument. Romero also states that he sought to supplement the appellate record with "relevant" material, but he fails to identify the material or explain how this material would be relevant to the question of possession.

In short, none of Romero's arguments raise a meritorious defense to Mahmood's right to possession of the property. Romero's appeal from the trial court's final judgment of possession is thus moot. *See Holloway v. Revelstoke Venture, LLC*, 2024 WL 191221, at *2 (dismissing appeal as moot where appellant no longer in possession of property and did not raise meritorious claim of right to possession).

Because the issue of possession is moot, we must dismiss the appeal and vacate the trial court's final judgment of possession. *See Marshall*, 198 S.W.3d at 785 (holding that when appeal of forcible detainer action becomes moot, proper course is to dismiss appeal and vacate lower court's judgment of possession).

## Conclusion

We grant Mahmood's motion to dismiss. We dismiss the appeal and vacate the trial court's judgment of possession.[2]

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[2]     All other pending motions are dismissed as moot.